REEVES *v.* THE CHATTAHOOCHEE BRICK COMPANY.

Where an attachment was issued in a justice's court and levied, and subsequently an execution against the defendant was issued there, commanding levy and sale of a sufficiency of the property of the defendant and of the property described in the attachment levy to make the sum for which the attachment issued, with interest and costs, and reciting that this was adjudged against him upon the attachment, and this execution was levied upon certain personalty not included in the original attachment levy, and a claim thereto was interposed, it was right to dismiss the levy because it did not appear that notice had been given as required by section 3309 of the code, nor that the defendant had given bond and security according to section 3319, nor that he appeared and made defence according to section 3328, thereby authorizing the issuance by the magistrate of a general execution against the defendant. These things might have been shown by testimony had it been offered.

May 7, 1890.

Attachments. Executions. Levy. Practice. Before Judge MILNER. Chattooga superior court. September term, 1889.

Reported in the decision.

WRIGHT & HARRIS, for plaintiff.

J. M. BELLAH and W. S. THOMSON, for defendant.

SIMMONS, Justice.

The record shows that Reeves sued out an attachment against Marshall, which was levied on certain personal property. The attachment was returnable to the July term of the justice's court. On July 16th, an execution was issued from that court in favor of Reeves against Marshall, commanding levy and sale of a sufficiency of the property of Marshall, and also of the property described in the attachment levy as the property of defendant, to make the sum for which the attachment was sued out, with interest and costs, and reciting that this was adjudged against him upon an attachment in that court on July 7th. This execution was levied upon certain personalty, including six wheel-scrapes. These scrapes were not included in the original attachment levy, and to them a claim was interposed by the Chattahoochee Brick Company, on the trial of which in the justice's court, a judgment was rendered for the claimant, and the plaintiff appealed to the superior court. Upon the trial of the claim in the superior court, the execution was introduced, and the claimant moved to dismiss the levy because the execution was not a general but a special attachment *fi. fa.*, and because the six wheel-scrapes were not mentioned as a part of the attached property. The court dismissed the levy because the scrapes were not embraced in the original attachment levy, and because it appeared that the execution was not a general but an attachment execution, and there was nothing before the court to

show that the defendant in attachment was served with general notice so as to obtain the general judgment, or that he appeared and pleaded or replevied the property; to which ruling the plaintiff excepted.

Where a plaintiff sues out an attachment against a defendant before a justice of the peace, the magistrate has no right or power to issue a general execution against the defendant, unless the plaintiff gives notice as required by section 3309 of the code, or unless the defendant has given bond and security as provided in section 3319 of the code, or unless the defendant appeared and made defence by himself or by an attorney at law, as provided in section 3328 of the code. If notice is given to the defendant by the plaintiff, or the defendant replevies the property, or appears and pleads, then the magistrate can issue a general execution against him which will bind all of his property. But if none of these things are done, the magistrate can only issue an execution against the property mentioned in the attachment. If he should, however, issue a general execution, and it is levied upon property not mentioned in the attachment, and the property so levied on is claimed by a third person, and it affirmatively appears on the trial of the claim that the execution issued upon the attachment only, then the levy, upon motion, should be dismissed. In this case it appears from the record before us that this execution was issued upon the attachment only, and having been levied upon property not mentioned in the attachment, the court was right in dismissing the levy. The plaintiff might have prevented the dismissal of the levy if he had offered testimony to the court to show either that he had given the defendant notice, or that the defendant had replevied the property or had appeared in court and pleaded. He did not do this, however, but relied solely upon the presumption that the magistrate had

evidence before him sufficient to authorize him to issue a general execution.    In the case of *Carithers* v. *Venable*, 52 *Ga.* 395, this court say :   "It was, however, in proof that the suit was an attachment, and the *fi. fa.* produced, and which sold the property, is a general *fi. fa.*    It fails to appear that the defendant was ever served with notice, or that he made defence.    An attachment is only good against the property levied on, and this *fi. fa.*, if founded on an attachment only, is clearly void, since it was without notice.    It appearing affirmatively by the proof that there was no regular suit, but only an attachment, a general *fi. fa.* is illegal and void.    We do not agree that the issuing of a general *fi. fa.* implies notice, and that it is to be taken for granted there was notice.    There are decisions to the effect that a general judgment by a court of general jurisdiction will be presumed, *prima facie*, to be founded on notice ; but we know of no such rule in favor of a *fi. fa.* or other execution.    The latter is not the act of a court.    It is the mere ministerial act of the executive officer of the court.    .   .   .   We think, in this case, therefore, that as it was made affirmatively to appear that the case was originally an attachment, it was incumbent on the purchaser to show how the *fi. fa.* became a general one. This he utterly failed to do, and the judge was right in his instructions to the jury on this point."

The record before us showing affirmatively that the execution was founded on an attachment, and the plaintiff having utterly failed to show to the court below that he had given notice to the defendant, or that the defendant had appeared and pleaded, or replevied the property, the court was right in dismissing the levy.

*Judgment affirmed.*