## TUCK v. NATIONAL BANK OF ATHENS.

1. The fact that there was, between the payee of a negotiable promissory note and the bank at which the same was discounted, an agreement that the maker should be kept in ignorance that the note had been discounted, did not, without more, constitute a fraud upon the maker or warrant him in paying the note to the original payee without requiring him to produce and surrender it.

2. It was error to direct a verdict upon conflicting evidence which would have warranted a finding contrary to that directed.

Argued June 9, — Decided July 25, 1899.

Complaint. Before Judge Cobb. City court of Athens. August 3, 1898.

*H. C. Tuck, Erwin & Erwin,* and *Lumpkin & Burnett,* for plaintiff in error.. *J. J. Strickland* and *W. S. Basinger,* contra.

LITTLE, J. This case was here and decided at the March term, 1897. See 102 *Ga.* 556. It was simply ruled then that the principles announced in the decision in the case of *Bank of the University* v. *Tuck,* 101 *Ga.* 104, controlled the case, and the judgment rendered in favor of Tuck was reversed and a new trial ordered. At the next trial the court, at the conclusion of the evidence, directed a verdict for the bank, and Tuck made a motion for a new trial, which was overruled. There are but two grounds of the motion which need to be considered by us in determining the case. The defendant amended his pleas, which amendments, in substance, allege that there was an agreement between the bank and the Reaves Warehouse Company that no notice should be given to Tuck, the maker of the note, that the same had been discounted and was held by the bank, and it is alleged that the fact that the note was discounted and so held was purposely and intentionally concealed from the maker, and it is insisted by the plea that this conduct was a legal fraud on the rights of the defendant, because it enabled the Reaves Warehouse Company to collect the note, which they could not have done if the notice had been given. The amendments to the plea were on motion stricken by the court, and error is assigned in the first ground to the striking of the amendment.

1. The maker of a negotiable instrument, whether payable at a bank or not, is not by law entitled to notice of maturity and non-payment, nor does the fact that the pledgee of such a note fails, by agreement with the payee or otherwise, to notify the maker of the fact that the note has been pledged and who holds the same, of itself constitute any fraud against the maker. Not being entitled to such notice, he could not claim any benefit for the want of it. Circumstances might arise which would form an exception to this rule, but they do not exist in this case, and as the amendments set up, as a defense, facts which could not operate as such if proved, the court committed no error in disallowing the amendments.

2. In the case of the *Bank of the University* v. *Tuck,* which

was a case very similar to the one now under consideration and the decision of which this court ruled controlled this case, the court held that the liability of the defendant depended upon whether the Reaves Warehouse Company was the agent of the bank, either express or implied, to collect the note. There was much evidence introduced in the present case for the purpose of showing that the Reaves Warehouse Company had expressly been made the agent of the bank to collect the note sued on, as well as to show that no such agency existed. As far as we could we have carefully compared the evidence in the record of the present case with that in the record of the case reported in 102 *Ga.*, supra. This examination discloses that the evidence tending to show express agency on the part of the warehouse company to collect the note for the bank has been materially strengthened by the evidence of White for the plaintiff and O'Farrell for the defendant, as their evidence appears in the present record. Indeed, after a careful consideration of the evidence of these witnesses, when taken in connection with the other evidence in the case, we are of the opinion that it puts in issue the fact of the existence of such agency. This being our conclusion, it follows, as a matter of course, that the court erred in directing a verdict for the plaintiff. Such a direction is only authorized when there is no conflict in the evidence but where such evidence demands a particular verdict. Civil Code, § 5331. We have made no attempt to set out the differences which appear to us to exist in the record in the former case and in this as to the testimony of the witnesses, nor do we intimate that if the case had been submitted to the jury under proper instructions to find a verdict under the evidence before them, and they had returned the verdict which they did under the direction of the court, such verdict would have been contrary to the evidence. What we do mean to say is, that, as it appears in the record, the evidence upon the fact of agency is conflicting, and that there is enough to have warranted a finding contrary to that which was directed; and we reverse the judgment because, under these circumstances, the case should have been submitted to the jury for a verdict.

*Judgment reversed. All the Justices concurring, except Cobb, J., who was disqualified.*