15479.    GREENE *v.* LOMBARD.

STEPHENS, J.    1.    It is not essential to the validity of an affidavit that the body thereof shall contain a recital that the facts stated therein are sworn to.    It is sufficient if it appears from the jurat of the attesting officer that the facts stated are sworn to.    Where the jurat of the attesting officer is in the following language:    "Sworn to and subscribed before me," and is dated and duly signed by him in his official capacity, and where the officer acted within his jurisdiction, and the name appearing in the body of the instrument as that of the affiant is subscribed thereto, all categorical statements therein purporting to be made by the affiant will be regarded as sworn to.

2.    An affidavit, as the basis of the institution of an attachment, will be regarded as containing a sworn statement that the affiant is agent for the creditor therein named when the affidavit contains the following language:    "State of Georgia, Richmond County.    Personally appeared before me, the undersigned justice of the peace in and for said county, H. C. Bryson.    He is agent for Geo. S. Lombard, who, being duly sworn, on oath says that A. F. Greene is justly indebted to Geo. S. Lombard," etc.

3.    Where it appears only from the affidavit, as the basis of the issuance of an attachment, that the affiant is agent for the creditor named in the affidavit, the accompanying bond, executed in the name of the creditor "per" the affiant, without any descriptive word as to agency, sufficiently appears to be executed by the agent of the creditor having authority so to do, which authority is conferred by the Civil Code (1910), § 5057.

4.    A declaration in attachment may be filed at any time during the term to which the attachment is returnable.    *Sutton* v. *Gunn,* 86 *Ga.* 652 (12 S. E. 979).    Where an attachment was made returnable to the October term, 1923, of the city court of Richmond county, and was returned during that term, although after the first day of the term, it was not subject to dismissal upon the ground that it was returned too late.    Where the declaration in attachment was filed on the same date, neither the declaration nor the attachment was subject to dismissal upon the ground that the declaration was filed too late.

5.    The court did not err in overruling the motion to dismiss the attachment.    *Judgment affirmed.    Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1925.

Attachment; from city court of Richmond county—Judge Black. February 20, 1924.

*B. B. McCowen,* for plaintiff in error.
*I. S. Peebles Jr.,* contra.