3. The petition having alleged facts which if proved would have entitled the plaintiff to recover attorney's fees, and the defendant's answer having been properly stricken on demurrer, the case was in default and the allegations of the petition as to attorney's fees were to be taken as proved, and it was unnecessary for the plaintiff to offer evidence in support of the same. *State Mutual Life Ins. Co.* v. *Jacobs,* 36 *Ga. App.* 731 (137 S. E. 905).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 23, 1932.

*J. P. Dukes,* for plaintiff in error.
*Albert L. Cobb, Edwin A. Cohen,* contra.

## 21676. PARTRIDGE *v.* WILKERSON.

BELL, J. 1. Allegations in a petition for certiorari not verified by the answer of the magistrate are not to be taken as admitted, and present nothing for determination either by the superior court or the appellate court. The allegations are not so verified when the answer is either silent in reference thereto, or expressly denies them. *Landrum* v. *Moss,* 1 *Ga. App.* 216 (57 S. E. 965); *Little* v. *Fort Valley,* 123 *Ga.* 503 (51 S. E. 501); *Taft Co.* v. *Smith,* 112 *Ga.* 196 (37 S. E. 424).

2. In the instant case the plaintiff, in his petition for certiorari, contended only that the magistrate erred in not allowing the summons to be amended, and in thereafter dismissing the summons, but the magistrate failed to verify the allegations of the petition touching these matters, and the superior court, therefore, did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 23, 1932.

*McWhorter & Groves,* for plaintiff. *Homer Legg,* for defendant.

## 21491. DOEPKE, receiver, *v.* COOKE *et al.*

STEPHENS, J. 1. An instrument containing terms of negotiability, such as a note payable to the payee, or his order, does not lose its character of negotiability by becoming overdue. Therefore the transferee of a negotiable instrument who acquires it after it has become overdue is not required to give notice to its maker as to its transfer or assignment, in order to establish his title thereto as against subsequently accruing equities between the transferor and the maker. The provisions of sec-

tion 3653 of the Civil Code of 1910, which provide that an assignment of a chose in action vests title in the assignee subject to existing equities between the assignor and the debtor at the time of the assignment and "until notice of the assignment is given to the person liable," by the express terms of this code section do not apply to negotiable instruments. *Georgia State Banking Co.* v. *Harden,* 32 *Ga. App.* 300 (124 S. E. 68); *Tuck* v. *National Bank of Athens,* 108 *Ga.* 446 (33 S. E. 983, 75 Am. St. R. 69).

2. In a suit upon a negotiable instrument by the transferee against the makers, where the defendants by plea deny that the plaintiff became the purchaser of the instrument before its maturity, and pleaded payment made after the maturity of the instrument to the payee thereof, who was at the time in possession of the instrument, where the evidence presented an issue of fact whether the plaintiff was a holder of the instrument in due course, and it appeared from undisputed evidence that if the defendants made the alleged payment, it was made after the maturity of the instrument and to the payee thereof; and although there may have been evidence to authorize the inference that the defendants may have on other occasions made payments upon the instrument to the payee while in the latter's possession after its maturity, and that these payments reached the plaintiff, it was error for the court to instruct the jury that if the plaintiff acquired the instrument after maturity, it was the duty of the plaintiff to notify the defendants that the plaintiff was the holder of the instrument.

3. The alleged errors complained of elsewhere in the motion for a new trial are not likely to occur upon another trial.

4. A verdict having been found for the defendants, the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1932.

*R. R. Marlin, H. A. Wilkinson,* for plaintiff in error.
*W. H. Gurr,* contra.

21659. REMINGTON CASH REGISTER SALES CO. *v.* ORR DRUG CO.

STEPHENS, J. 1. An offer to contract may be withdrawn by the offeror before its acceptance by the offeree. Where a signed written offer to purchase a cash register has been delivered to the sales manager of the seller and transmitted to the home office of the seller for acceptance, a notification by the offeror, transmitted to the home office before the offer is accepted, countermanding and withdrawing the offer, operates as a withdrawal of the offer. An acceptance of the offer afterwards by the seller fails to create a contract of sale. A provision in the contract that "this contract . . shall not be countermanded" imposes no limitation upon the power of the offeror before the instrument becomes a con-