### 25768. NETTS *v.* REED.

BROYLES, C. J. 1. The act of 1927 (Ga. L. 1927, pp. 452, 454), which amended the laws relating to the city court of Savannah, provides, in section 6, that declarations in attachment in that court "shall be filed on the first day of the term." This provision should be construed to mean that such declarations must be filed not later than the first day of the term. *Harmon* v. *Wiggins,* 48 *Ga. App.* 469 (5), 472 (172 S. E. 847). When the declaration is not filed on or before the first day of the term, it should be dismissed. *Davis* v. *Kingston,* 45 *Ga. App.* 749 (165 S. E. 865), and cit.

2. Under the foregoing ruling and the facts of the instant case, the judge of the city court of Savannah did not err in dismissing the declaration in attachment. The proceedings in that court relating to the filing of such declarations are controlled by the cited act of 1927, and not by general laws dealing with the filing of such declarations in other

courts. Nor is this ruling affected by the fact that the amount here involved was only $50 (which was within the jurisdiction of a justice's court) ; nor by the ruling in *Smith* v. *Wilson,* 58 *Ga.* 322 (2), that "in attachments in justice courts no declaration need be filed, and in the county court none is necessary, if the case be within the jurisdiction of the justice courts." The plaintiff, having elected to bring his action in the city court of Savannah, is obligated to follow the rules of procedure of force in that court.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 23, 1936.

*Ulmer & Dowell,* for plaintiff.    *Hester & Clark,* for defendant.