41918.   CLOER v. VULCAN ELECTRIC COMPANY.

PANNELL, Judge.   A motion for summary judgment in a trover action was granted for plaintiff on September 8, 1965, at the September term of the Civil Court of Fulton County. On December 14, 1965, after the passage of the October and November terms and during the December term of said court, a motion to set aside such judgment was made upon the following grounds: "1.   There remains a genuine issue as to a material fact in that the value of the merchandise consigned to defendant has not been conclusively established and remains to be proven. (a)   The defendant in no way could be said to have admitted to value by testifying on deposition that the inventory was not complete. This fact adds nothing to establish value but only establishes that a piece count of items of merchandise was attempted. (b)   The affidavit of Richard W. Daniels submitted in support of plaintiff's motion for summary judgment cannot be said to have conclusively eliminated the issue of value as it was stated only that the value asserted in the petition conforms to Vulcan's standard price list. No intrinsic proof or other statement was offered

to establish the fair-market value of the merchandise from the date of the alleged conversion to the date of hearing." (The other grounds were abandoned on appeal.) *Held:*

The alleged insufficiency of proof adduced on the motion for summary judgment is not a defect appearing upon the face of the record so as to authorize the setting aside of the judgment from which no appeal was entered, and the judgment not being in the breast of the court, the term at which it was rendered having expired at the time the motion to set aside was filed, it does not appear that the trial court erred in overruling such motion. *Code* §§ 110-702, 110-703, 70-301, as amended by Ga. L. 1953, Nov. Sess., pp. 440, 445, and Ga. L. 1957, pp. 224, 235. As was said by the Supreme Court in *White v. Newton Mfg. Co.*, 38 Ga. 587, 593, "3. We are referred to the 5th paragraph of section 256 of the Code [Code of 1933, § 24-2715, Par. 1], which makes it the duty of the clerk of the superior court to record all the proceedings relating to the suit. This we think does not embrace the evidence given in on the trial. If so, it would be necessary for the clerk in all cases to take down the oral evidence on the the trial, and record it as part of the proceedings. The proceedings which the clerk should record, and which make up the record, are, the declaration, process, return of service by the sheriff, and other official entries, the plea, verdict, judgment, and all interlocutory orders passed by the court during the pendency of the case; and in case of a motion for a new trial after verdict, the order nisi, together with any order passed by the court, setting it down for a hearing in vacation, or adjourning the hearing from time to time; and in case the new trial is granted, all subsequent orders passed by the court, including the final judgment." See also, *Smith v. Jacksonville Oil Mill Co.*, 21 Ga. App. 679 (94 SE 900). We are here concerned with defects appearing upon the face of the record in the trial court. That the evidence may be part of the record in this court does not make it a part of the record in the trial court within the meaning of the rule here applied.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Deen, JJ., concur. Felton, C. J., dissents.*

ARGUED APRIL 6, 1966—DECIDED MAY 9, 1966—
REHEARING DENIED MAY 30, 1966.

*Barber & Rambo, Olin Rambo,* for appellant.

*Jones, Bird & Howell, C. Dale Harman,* for appellee.

FELTON, Chief Judge, dissenting. 1. I dissent from the judgment because the issue as to the value of the property remains a question for a jury. The affidavit by Richard W. Daniels in behalf of the movant for summary judgment contained the following as to the value of the property: "I am familiar with the pleadings in the above styled case and every article appearing in the exhibits to Vulcan's petition were consigned to Cloer. No money has ever been paid by Cloer to Vulcan for this merchandise nor has any of it been returned to Vulcan by Cloer. The value asserted in Vulcan's petition is true and correct and conforms to Vulcan's standard price list." His statement that the value stated in the petition is correct is only an opinion of the value and in a case such as this, value based on opinion is always a jury question. The statement that the value stated in the petition conforms to Vulcan's standard price list, without more, has no probative value.

2. I think that in a summary judgment proceeding the pleadings, the *motion for summary judgment, affidavits and depositions for and against the grant of a summary judgment are a part of the record in the proceeding* and that a motion to set aside for a defect not appearing on the face of the record is not indicated or necessary. The decision in such a case is decided on the written documents of file in court. In the strict sense there is no evidence, even if we have on occasion so designated affidavits and depositions.