### 52598. SMITH v. SECURITY MORTGAGE INVESTORS.

WEBB, Judge.

Security Mortgage Investors filed its affidavit in the Civil Court of Fulton County seeking a writ against Larry Smith for possession of premises on Simon Terrace East, in Atlanta. To this Smith filed his answer and counter-affidavit, a hearing was had, and the trial court by judgment directed that a writ of possession issue against Smith pursuant to Code Ann. § 105-1504. Smith moved to set aside the judgment on the ground that the pleadings affirmatively showed no claim in fact existed against him. Smith also filed a motion for new trial on general grounds, which he amended to assert that "no claim in fact exists," and "because the intruder's warrant is void the said warrant having been sworn to by an attorney at law." His motions were overruled and denied, and he appealed.

1. (a) Smith's motion to set aside was properly denied. He cites in support of his dissidence *Montgomery v. Walker,* 41 Ga. 681, 684 (2) (1871). It was held that because the counter-affidavit was not tendered until 20 days after the intruder's warrant was issued and executed, there was nothing before the trial court. Dictum in that case by Chief Justice Lochrane[1] reads, "We deem it

---

[1]Not previously footnoted by Judge Clark, this native of Ireland was closely identified with the Bullock administration, was appointed Chief Justice in 1871, and is said to have supported all of the Reconstruction legislation. His judicial acumen and literary talent perhaps were best typified in *Johnson v. Kelly,* 44 Ga. 485, on guardianship.

proper to state . . . that we are satisfied the affidavit in this case was insufficient, for an attorney at law, without special appointment, is not such an agent as would authorize him to make the affidavit required for the issuance of the writ."

Since then, however, by Acts of 1887 and 1889 (Ga. L. 1887, p. 59 and 1889, p. 110; Code § 81-1203), "All affidavits . . . that are the foundation of legal proceedings and all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas." See also Code Ann. § 81A-115; *Harmon v. Wiggins*, 48 Ga. App. 469 (1) (172 SE 847) (1934).

(b) Furthermore, "a motion to set aside is not a proper vehicle by which one may belatedly attack the sufficiency of a complaint unless it affirmatively shows the utter lack of a claim. 'A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to a motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but *the pleadings must affirmatively show that no claim in fact existed.*' Code Ann. § 81A-160(d)." (Emphasis supplied.) *Johnson v. Cleveland,* 131 Ga. App. 560, 562 (2, b) (206 SE2d 704) (1974). Here the complaint, or affidavit, does not show a nonamendable defect, nor does it show that no claim in fact existed.

(c) Additionally, Smith's defense of insufficiency of process was not in his answer, and he did not file a motion raising this issue until after the judgment by the trial court. The Civil Practice Act provides in § 12 (h, 1) (Code Ann. § 81A-112 (h, 1) (Ga. L. 1967, pp. 226, 231)): "A defense of . . . insufficiency of process . . . is waived (A) if omitted from a motion in the circumstances described in subsection (g), or (B) if it is neither made by motion under this section nor included in a responsive pleading, as originally filed." Therefore, any insufficiency of process was waived. *Matthews v. Fayette County,* 233 Ga. 220, 221 (210 SE2d 758) (1974).

2. Smith's motion for new trial also was properly

denied. It was based principally upon the ground that the intruder's warrant was sworn to by an attorney at law. That fact and all other grounds appeared upon the face of the pleadings, and a motion for new trial must be predicated upon some extrinsic defect which *does not appear* upon the face of the record or pleadings. Code Ann. § 81A-160 (c); *Johnson v. Cleveland,* 131 Ga. App. 560, 561 (2, a), supra.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 27, 1976.

*Arnall, Golden & Gregory, J. Wayne Crosley, Charles L. Gregory,* for appellee.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*