### 54220. HENRY v. POLAR ROCK DEVELOPMENT CORPORATION.
### 54221. POLAR ROCK DEVELOPMENT CORPORATION v. HENRY et al.

SHULMAN, Judge.

Appellants executed a note, unconditional on its face, for $25,000 plus interest payable to appellee, Polar Rock Development Corp. When appellants failed to pay the note at maturity suit was brought. Although a motion for summary judgment was granted in favor of Polar Rock Corp., that motion was set aside. In a subsequent trial before the judge without a jury, judgment again was entered in favor of Polar Rock. This appeal follows.

1. In a cross appeal, appellee (cross appellant) alleges that the judge erred in granting the motion to set aside. Appellee filed a motion for summary judgment. Appellant completely failed to respond to the motion. No responsive affidavit was filed. Appellant made no appearance at the hearing on the motion. In January, 1975, summary judgment was entered in favor of appellee. Appellant did not appeal the summary judgment. On September 9, 1976, appellant filed a "Motion to Vacate." On September 21, 1976, the motion for summary judgment was vacated.

"Code Ann. § 81A-160 specifies the manner in which a judgment may be attacked. The means prescribed

therein are exclusive. *Johnson v. Cook,* 130 Ga. App. 575 (203 SE2d 882). Defendant's motion, styled 'Motion to Vacate,' must be treated as a motion to set aside if it is to have any validity at all. Since no allegations of lack of jurisdiction have been made, defendant must base the attack on '. . . some nonamendable defect which does appear on the face of the record or pleadings.' Code Ann. § 81A-160 (d)." *Henry v. Adair Realty Co.,* 141 Ga. App. 182 (3) (233 SE2d 39).

Here it was alleged that the affidavit in support of the motion for summary judgment was fatally defective because it was "to the best of [the affiant's] knowledge and information" and because the affidavit contained hearsay.

The affidavit did establish that: (1) Appellant requested services from the affiant, in affiant's capacity as general manager of appellee. (2) Affiant discussed compensation for services rendered with appellant. (3) Affiant negotiated with appellant. (4) As a result of negotiations, appellee accepted a promissory note for $25,000 plus interest in satisfaction of all claims. (5) Appellants have not paid on the note, even though demand for payments was made.

Appellants admitted the execution of the note, that the note was complete and regular and that no money had been paid.

Although portions of the affidavit not made on the affiant's personal knowledge must be disregarded, this would not make the whole affidavit defective. See *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610 (1) (187 SE2d 249).

The affidavit in support of the motion for summary judgment was not insufficient. *Smith v. Security Mtg. Investors,* 139 Ga. App. 635, 1(a, b) (229 SE2d 115); *Smith v. Ragan,* 140 Ga. App. 33 (1) (230 SE2d 89). See also *Nevels v. Detroiter Mobile Homes,* 120 Ga. App. 60 (169 SE2d 716). An affidavit containing unnecessary hearsay is not a nonamendable defect within the contemplation of Code Ann. § 81A-160 (d). *Smith v. Security Mtg. Investors,* supra. *See Cloer v. Vulcan Elec. Co.,* 113 Ga. App. 766 (149 SE2d 722); *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50 (1) (220 SE2d 14).

2. Because we hold that the motion to set aside was improperly granted, all subsequent proceedings in the trial court concerning the case at bar were a nullity. It is not necessary to consider the remaining enumerations of error.

*Judgment vacating order granting summary judgment is reversed with direction that order granting summary judgment in favor of cross appellant (Polar Rock Development Corp.) be reinstated. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 6, 1977.

*Gilbert & Blum, Fred A. Gilbert,* for Henry et al.
*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for Polar Rock Development Corp.