## CHASTAIN vs. BROWN.

The plaintiff brought suit against defendant on account, in which were charged articles as sold to defendant "per Pate" and "per" others. In proof of the account, plaintiff introduced his book of original entries in evidence, and proved that he kept correct books. *Held*, in the absence of proof to the contrary, that the presumption was that the goods so charged were sold to defendant.

Certiorari, in Carroll Superior Court. Decided by Judge HAMMOND, at the April Term, 1860.

William F. Brown instituted suit, in a Justices' Court of Carroll county, against William Chastain, to recover the sum of forty dollars and twenty-four and one-fourth cents, alleged to be due on an account for merchandise.

The account was originally for the sum of fifty-nine dollars and sixty-four and a fourth cents, but Chastain had paid nineteen dollars and forty cents on the account before the suit was brought.

All the items in the account were charged to Chastain, some of them "per self," some of them "per Williams," and some of them "per Pate." The items charged to the said Chastain "per Pate" amounted exactly to the sum left after the payment of the nineteen dollars and forty cents.

On the trial in the Justices' Court, William F. Brown, the plaintiff, introduced his books of account, which were admitted in evidence without objection.

He then introduced four or five witnesses, who testified: That they had had dealings and made settlements with said Brown, and that he was in the habit of keeping correct books.

Upon this evidence, the jury in the Justices' Court returned a verdict in favor of the plaintiff, Brown, for forty dollars and twenty-four cents.

Chastain then obtained a *certiorari*, directing the justices to certify and send up the proceedings in said case to the Superior Court, alleging: That the "verdict of the jury was contrary to law and evidence, because the plaintiff failed to make out a case against him; that the books of themselves, and without other evidence, were not sufficient to charge the defendant with goods delivered to Pate without

**BOOKS OF ACCOUNT AS EVIDENCE.** "Our law on this subject is plainly and fully presented in the Civil Code of 1895, §5182, and is as follows:

"The **books of account** of any merchant, shop-keeper, physician, blacksmith, or other person doing a regular business and keeping daily entries thereof, may be **admitted in evidence as proof of such accounts, upon the following conditions:**

Chastain vs. Brown.

some order or contract that he, the defendant, should be liable to pay for them."

In answer to the *certiorari*, the justices certified the foregoing facts as having been shown by the evidence.

On hearing the *certiorari*, the presiding judge of the Superior Court dismissed the *certiorari* and affirmed the verdict and judgment of the Justices' Court.

This decision is assigned as error.

G. W. AUSTIN, by SIMS, for the plaintiff in error.

W. W. & H. F. MERRILL, by GLENN & COOPER, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The only question made in this case is, whether the books of the plaintiff—they being properly admitted in evidence—were evidence of the defendant's liability for those articles, charged in the account sued on to defendant *"per* Pate" and *"per"* others, whose names appear in the account. We think they were, in the absence of any rebutting proof to the contrary. It is not a fair presumption that those articles were sold and delivered to third persons, or that the articles so charged were the debts of third persons. But the presumption is, that the items are properly charged—that the goods were sold to the defendant, not to the third persons, but delivered to them at the request, or by the directions of the defendant. The evidence is, that the books are correct; if they are so, then those goods were sold to the defendant. If they were not, but sold to the third persons, then the books are not correct, and the onus was on the defendant to show that.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

---

"1. That he kept no clerk or else the clerk is dead, or otherwise inaccessible.

"2. Upon proof, (the party's oath being sufficient) that the book tendered is his book of original entries.

"3. Upon proof (by his customers) that he usually kept correct books.

"4. Upon inspection by the court to see if the books are free from any suspicion of fraud."

This codification of the Georgia law upon this subject embodies the substance of the adjudication of this court from 1st Kelly to this day. 1 Kelly, 233; 5 Ga. 239; 8 Ib. 74; 13 Ib. 496, 508; 17 Ib. 65; 18 Ib. 318, 457, 698; 20 Ib. 365; 21 Ib. 334; 23 Ib. 582; 24 Ib. 17; 27 Ib. 366; 28 Ib. 272; 30 Ib. 121, 904; 31 Ib. 346; 51 Ib. 121; 57 Ib. 145; 61 Ib. 30." Bracken & Ellsworth *v.* Dillon & Sons, 64 Ga. 248-9.