10620. ATLANTA JOURNAL COMPANY *v.* KNOWLES.

SMITH, J. 1. The complaint that the court erred in excluding the testimony of the witness George T. Johnson that "the account sued on is just, true, due, and unpaid, to the best of my knowledge," is without merit, since it appears from the testimony of this witness that he had no knowledge of the account other than that obtained from duplicate orders sent to him by another. "The correctness of an account cannot be lawfully proved by the testimony of a witness that the same is 'a correct copy of the charges made on the books' kept by her when the witness further testified that 'she knew nothing of her own knowledge' with respect to the account and 'only copied in the book entries given to her by [another] on slips.'" *Dougan* v. *Dunham*, 115 *Ga.* 1012 (1) (42 S. E. 390).

2. There was no error in excluding the testimony of the witness Coyle as to admissions made by J. L. Davenport, as follows: "When I went to Mr. Davenport about this account which I have sued him on here, he said the account was correct, due, and unpaid." This witness further testified: "This conversation took place after Davenport was dismissed as our agent." The admission of Davenport, the principal, was not admissible in the suit against the surety W. A. Knowles, the admissions having been made after the principal had been dismissed as the plaintiff's agent. "The admissions of a principal are prima facie evidence against his sureties, if made pending the relationship and concerning the transaction as to which the suretyship exists." *Chicago Portrait Co.* v. *O'Neal*, 6 *Ga. App.* 425 (65 S. E. 161). See also *Stephens* v. *Crawford*, 1 *Ga.* 574 (44 Am. D. 680); *Dobbs* v. *Justices*, 17 *Ga.* 625).

3. The exception that the court erred in excluding as evidence contents of a book referred to by the witness Johnson "as the book of original entries containing a statement of the account of J. L. Davenport and W. A. Knowles, security," cannot be considered by this court, inasmuch as nowhere in the bill of exceptions does it appear what evidence was contained in the book.

4. Under the above rulings, the court did not err in granting a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 7, 1920.

Complaint; from city court of Floyd county—Judge Nunnally. March 18, 1919.

*W. B. Mebane, Maddox & Doyal,* for plaintiff.

*Dean & Dean, L. H. Covington,* for defendant.