### 17937. NINTH DISTRICT AGRICULTURAL & MECHANICAL SCHOOL *v.* WOFFORD POWER COMPANY.

BELL, J. 1. "Declarations of an agent as to business transacted by him, in order to be admissible against his principal, must have been made by him while representing the principal in the transaction in controversy, and must also have been a part of the negotiation, and constituting the res gestæ." *National Building Asso.* v. *Quin,* 120 *Ga.* 358 (2) (47 S. E. 962) ; Civil Code (1910), §§ 3606, 5779. "Admissions of the alleged agent of a corporation are not admissible to bind the corporation unless the agency be shown." *Amicalola Power Co.* v.

*Coker*, 111 *Ga.* 872 (36 S. E. 950); *Ga. Steel Co.* v. *White*, 136 *Ga.* 492 (71 S. E. 890).

2. Where, in a suit on an account against a corporation, filed on January 2, 1925, and tried on March 4, 1926, there was, as to certain items, no evidence to establish their correctness except the admissions of an alleged agent of the defendant, and where, although it appeared that the person whose admissions were introduced was the agent of the defendant "from 1917 to 1924," there was nothing to show when such admissions were made, or that they were made during the existence of the agency and within the scope of the agent's authority, a verdict in the plaintiff's favor was without evidence to support it as to such items.

3. "Evidence that a letter was mailed to a named person does not raise a presumption that he received it, unless there is also evidence that the letter was properly addressed and duly stamped." *Rawleigh Medical Co.* v. *Burney*, 22 *Ga. App.* 492 (96 S. E. 578), and cit. See also *Ailey* v. *Lindale Store*, 33 *Ga. App.* 63 (3) (125 S. E. 717). The court erred in admitting, over appropriate objection of the defendant, testimony offered by the plaintiff as to the mailing of certain accounts to the defendant, it not appearing that they were mailed in letters properly addressed and duly stamped.

4. The court erred also in admitting testimony of a witness for the plaintiff that the account was correct, where it appeared that the witness had no knowledge of the correctness of the account except from the plaintiff's books, which were kept by another person and were not introduced in evidence, the correctness of the account being directly in issue under the pleadings and not otherwise established. *Dougan* v. *Dunham*, 115 *Ga.* 1012 (42 S. E. 390); *So. Home B. & L. Asso.* v. *Butler*, 111 *Ga.* 826 (35 S. E. 679); *McDonald* v. *Williams*, 94 *Ga.* 517 (5) (19 S. E. 830).

5. The court erred in refusing a new trial.

       *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

       DECIDED OCTOBER 13, 1927.

Complaint; from Habersham superior court—Judge J. B. Jones. December 21, 1926.

*J. C. & H. E. Edwards*, for plaintiff in error.

*Sam Kimzy, Hamilton Kimzy*, contra.