## 32102. ROPER *v.* HOLBROOK.

DECIDED SEPTEMBER 18, 1948.

*Sosebee & Boling,* for plaintiff.

*Wood & Tallant,* for defendant.

PARKER, J. A. B. Roper sued R. W. Holbrook, making substantially the following allegations: that the plaintiff and the defendant entered into an oral contract, whereby the defendant furnished to the plaintiff 7000 baby chicks, to be raised by the plaintiff to broiler size, and agreed to furnish all feed, supplies, medicines, and fuel to keep and maintain the chicks, and to pay the plaintiff $50 per thousand, plus 50% of the profits made on the chicks by the defendant; that the plaintiff agreed to house the chicks and furnish all labor, drinkers, heaters, and feeders necessary for raising them; that the plaintiff performed his obligations under the contract, and also furnished fuel, medicines, and feed (which were to be furnished by the defendant), of the value of $141.45; that the chicks were taken and sold by the defendant, who failed and refused to pay the plaintiff the $350 for raising them, and the $141.45 paid out by the plaintiff for fuel, medicines and feed, totaling $491.45, for which the plaintiff sued.

The defendant denied that he had any contract with the plaintiff as alleged by him, and set up that the chickens furnished to the plaintiff, and all feed and supplies, were sold by the de-

fendant to the plaintiff on open account, on which the plaintiff was indebted to him in the sum of $1889.89 for which he prayed judgment. The defendant alleged that the plaintiff himself had sold the chickens referred to by him, and that he was not indebted to the plaintiff in any amount.

The trial resulted in a verdict for the defendant without stating any amount. The plaintiff moved for a new trial on the general grounds and on 4 special grounds. His motion was overruled and he excepted.

■ Ground 4 of the amended motion for new trial complains of the refusal of the court to exclude the testimony of the defendant's wife, Mrs. Holbrook, introduced to prove the correctness of the entries in the defendant's book of account, upon the ground that the witness testified that she could not of her own knowledge say that the account was true and correct. Ground 5 complains of the refusal to exclude from the evidence certain pages from the defendant's book of account, on the ground that the entries thereon were taken from slips of paper brought into the store by other people, and no witness had testified to show the correctness of the slips. Without setting forth the testimony of Mrs. Holbrook in extenso, it is sufficient to say that she testified that she kept the books for the defendant's feed business; that she could tell that the account was correct as posted on the books; that no one but she and the defendant kept the books; that some of the entries were hers and some the defendant's; that, "When he sends these boys out to deliver the feed, they make a little ticket, bring one back to me and one to the customer. And the one they bring back to me I post it on my book and keep the tickets. . . I did not make any entries on any of these accounts for which I did not have one of these slips. As far as my knowledge goes, I entered them correctly in the books from the slips. . . I am depending on my books for the correctness of the account, and without the books I can't say whether the account is true and correct or not. . . As far as I know the little slips they would bring me when they would deliver the feed are correct."

In *Dougan* v. *Dunham*, 115 *Ga*. 1012(1) (42 S. E. 390), it was held, that: "The correctness of an account can not be lawfully proved by the testimony of a witness that the same is 'a correct

copy of the charges made on the books' kept by her, when the witness further testifies that 'she knew nothing of her own knowledge' with respect to the account, and 'only copied in the book entries given to her by [another] on slips.' " This holding was followed by this court in *Case Threshing Machine Co.* v. *Binns*, 23 *Ga. App.* 46(1) (97 S. E. 443), *Atlanta Journal Co.* v. *Knowles*, 24 *Ga. App.* 745(1) (102 S. E. 191), and in *Ninth District A. & M. School* v. *Wofford Power Co.*, 37 *Ga. App.* 271(4) (139 S. E. 916). Ground 4 is not meritorious. The witness's testimony was admissible to show that, so far as her part in keeping the books of the defendant's business was concerned, it had been performed correctly; and for this purpose, at least, the testimony was admissible. However, under the authorities cited above and for the reasons stated in the 5th ground of the motion, we think that the court erred in permitting the pages from the defendant's book of account to be introduced in evidence.

■ Ground 6, complaining of the charge of the court that the jury might find a verdict in favor of the defendant without stating any amount, does not show error. The plaintiff's claim against the defendant was based partly on an account, and the cross-action of the defendant against the plaintiff was based entirely on an account. The evidence was in conflict. The respective accounts involved numerous items, and we can not say that the jury was not authorized to find for the defendant without any amount as instructed by the court. It does not appear from the record before us that it was impossible under the evidence for the jury to strike an even balance between the parties and thus render the verdict authorized by the charge.

■ Ground 7 alleges error on the part of the court in coercing the jury into the making of a verdict. It appears that, after the jury had deliberated for approximately two-and-one-half hours, they were allowed to come back into court. Upon informing the court that they had not been able to reach a verdict the judge gave the jury the following additional charge: "As I told you when I submitted the case to you, it presents purely questions of fact which you gentlemen are to determine under the rules I gave you with respect to passing upon the weight and credit to be given the testimony. You gentlemen are just as capable of deciding this case as any other jury we might get, this

issue between these litigants; it will have to be decided by some jury. I don't want to put any undue hardship on anybody; but, as I said, you gentlemen are as capable of deciding it as any other jury we might get. It is expensive to the county and to the parties to declare mistrials, and I will give you gentlemen ample opportunity to reach a verdict. You may retire to your room." Under the rulings in *White* v. *Fulton,* 68 *Ga.* 511, *Southern Ry. Co.* v. *Fleming,* 128 *Ga.* 241 (57 S. E. 481, 10 Ann. Cas. 921), *Wooten* v. *Solomon,* 139 *Ga.* 433 (77 S. E. 375), and *Arkansas Fuel Oil Co.* v. *Andrews Point Co.* 64 *Ga. App.* 595 (13 S. E. 2d, 738) this ground of the motion does not show error.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*