32500. CHAMBERS *et al. v.* WILLIAMS BROTHERS LUMBER CO. *et al.*
32499. WILLIAMS BROS. LUMBER CO. *et al. v.* STADELMAN *et al.*

DECIDED SEPTEMBER 21, 1949.

40

*Augustine Sams, Grigsby H. Wotton,* for Chambers *et al.*

*Thomas E. McLemore,* for Williams Bros. Lumber Co.

*William H. Schroder, MacDougald, Troutman, Sams & Branch, Lee Bobet,* for Stadelman *et al.*

TOWNSEND, J. (After stating the foregoing facts.) ■ One of the special grounds of the amended motion for a new trial contends that the trial court erred in admitting in evidence the ledger sheet of the plaintiff to prove its account. This is contended to be error because the witness by whom the ledger sheet was identified, R. W. Williams, did not of his own knowledge know about the delivery of the lumber, he having testified that as to the correctness of the account he was relying upon the ledger sheet.

Code § 38-310 provides in part as follows: "The books of account of any merchant, shopkeeper, physican, blacksmith, farmer, dairyman, planter or other person doing a regular business and keeping daily entries thereof may be admitted in evidence as proof of such accounts, upon the following conditions: . . 2. Upon proof (the party's oath being sufficient) that the book tendered is his book of original entries."

The testimony of the witness R. W. Williams, who was secretary and treasurer of the plaintiff company, authorized the jury to find that the ledger sheet showing the account of the defendants Chambers, Clay and Mann was a sheet from the book of original entry made by the person whose duty it was to record, and who did record the entries therein in the regular course of business, and that the keeping of the books was done under the supervision of the witness R. W. Williams.

Books kept in ledger form may be books of original entry.

See *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (3) (59 S. E. 459). Ledger sheets taken from the ledger or books of original entry are admissible in evidence even though detached from the ledger. See *Crump* v. *Bank of Toccoa,* 41 *Ga. App.* 505 (supra); *W. T. Rawleigh Co.* v. *Overstreet,* 71 *Ga. App.* 873 (8) (supra).

A tradesman's shop book is admissible in evidence to prove an account between the original debtor and creditor when such book is identified by the oath of the person under whose supervision the book was kept to be the book of original entry of account of such original debtor. Code, § 38-310; *Harrold* v. *Smith,* 107 *Ga.* 849, 851 (supra); *Chastain* v. *Brown,* 31 *Ga.* 346 (supra); *Bracken & Ellsworth* v. *Dillon & Sons,* 64 *Ga.* 243, 248 (supra); *Crump* v. *Bank of Toccoa,* 41 *Ga. App.* 505 (supra); *W. T. Rawleigh Co.* v. *Overstreet,* 71 *Ga. App.* 873 (8) (supra).

For authority that the admission of the books in evidence is error, counsel for the defendants cite *Atlanta Journal Co.* v. *Knowles,* 24 *Ga. App.* 745 (1) (102 S. E. 191); *Ninth Dist. Agricultural &c. School* v. *Wofford Power Co.,* 37 *Ga. App.* 271 (4) (139 S. E. 916). It will be noted that the exception in those cases was to the testimony of a witness rather than to the introduction of the books of account, the holdings in those cases being that the testimony of the witnesses as to the correctness of the accounts was inadmissible for that purpose, the witnesses in each of the cases having testified that they did not know of their own knowledge as to the correctness of the accounts but were relying upon certain entries made in the books. See also, in this connection, *Case Threshing Machine Co.* v. *Binns,* 23 *Ga. App.* 46 (97 S. E. 443), and *Dougan* v. *Dunham,* 115 *Ga.* 1012 (42 S. E. 390).

Counsel for the defendants also rely on *Roper* v. *Holbrook,* 77 *Ga. App.* 686 (49 S. E. 2d, 558). The exception in the *Roper* case was to the introduction of books, the testimony of the witness identifying the same being that she did not know of her knowledge as to the correctness of the account or the justness of the indebtedness; that she made part of the entries in the books and that the entries she made were correctly posted, although she did not know of her own knowledge whether the posted items represented just indebtedness or not. It therefore appears that she was not the person under whose supervision the books were kept and not the proper person to identify them.

The reason for the rule embodied in the foregoing quoted Code section making the books of original entry of the creditor admissible for the purpose of proving accounts, as disclosed by the history of litigation involving this question, beginning before the adoption of the Code section, is that in the course of business, books of account are kept because human mental capacity is inadequate to retain the memory of each of such transactions. It follows that where the books conform to the provisions of the Code section, they themselves stand as a witness of the correctness of the account and make a prima facie case which shifts the burden of proof to the defendant debtor to show the items contained in the books, or some of them, are not correct. In view of the great volume of business done by thousands of business establishments throughout this State and country in the present day and age, if the rule were otherwise, it would be impossible for business firms to prove their accounts.

The trial court did not err in admitting in evidence the ledger sheet complained of, and this assignment of error is without merit.

■ The remaining special ground of the amended motion for a new trial and the general grounds are considered together. The special ground contends that the verdict is contrary to law, contrary to the pleadings in said case, contrary to the evidence, and without evidence to support a verdict or judgment based on the allegations of the plaintiff's petition in that there is a variance between the pleadings and proof. When the evidence was offered on the trial of the case which was unsupported by the pleadings, counsel for the defendants objected and the objection was overruled, the court stating that the plaintiff can amend. The plaintiff offered no amendment and the evidence remained in the record. No exception is made here to the overruling of the objection to the evidence, the exception being that there is a variance between the proof and the pleading, and that without this evidence the verdict would be unsupported. The evidence is nevertheless in the record and no objection is made to its being there. The verdict is therefore supported by the evidence.

In *Napier* v. *Strong*, 19 *Ga. App.* 401 (2) (91 S. E. 579) it is held as follows: "Evidence admitted without objection, which

supports what is in fact the same cause of action, although it might have been excluded· on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant." See also Code, § 81-116.

Although the evidence in this case was objected to, the objection was overruled, the judge stating that "plaintiff can amend." The exception as hereinbefore pointed out is not to the ruling of the court, but is based on the contention that since the evidence is unauthorized by the pleadings, there is a fatal variance between the pleading and the proof. This contention is without merit.

■ The plaintiff proceeded concurrently against the defendants Chambers, Clay and Mann for a general judgment, and against the defendant Stadelman for a special lien on the property of this defendant, which he contended was improved by the building of a house thereon out of the material furnished to the other defendants by the plaintiff.

In order to be entitled to recover against this defendant, it was necessary for him to show that the specific material of the value alleged was delivered on the property of Stadelman; that it was used by the other defendants in the construction of a house on the said premises; that within three months from the date the materials were so furnished he recorded his claim of lien, and that he commenced an action for the recovery of his claim within twelve months from the time the same became due.

The plaintiff here failed to show a compliance with the first requirement. It fails to appear sufficiently from the evidence that the specific material of the value alleged was delivered on the premises of the defendant Stadelman, or used in his house, although the evidence was sufficient to support the verdict in favor of the plaintiff against the other defendants. As to those defendants, the books of original entry of the account between the creditor and the debtors made the prima facie case, and it was not sufficiently rebutted so as to require the jury to return a verdict in favor of these defendants. The case against Stadelman is differentiated from the case against the other defendants in that, as to them, the tradesman's shop book was sufficient to make a prima facie case as against

those actually purchasing the materials, and to whom credit was extended. However, Stadelman was not a party to this contract. The books did not state an account between the plaintiff and this defendant. The material was charged to others than himself.

In 52 L. R. A. 692, Note 2, it is said: "A tradesman's shop book is evidence to charge the original debtor only; but it is not admissible against one who merely assumed to pay the debt of the person to whom the goods were delivered. Poultney *v.* Ross, 1 Dall, 238, 1 L. ed. 117."

The plaintiff also fell short as to another requirement hereinbefore set out, in that the claim of lien which he filed against Stadelman was attached to and made a part of his petition. It is therein recited that Stadelman purchased the materials from the plaintiff. The evidence conclusively showed that the plaintiff sold the materials to the other defendants.

As to the defendant Stadelman, the plaintiff failed to prove the case as laid. In *Tarvin* v. *Rome Cooperage Co.,* 143 *Ga.* 596 (3) (85 S. E. 755) it is held as follows: "The plaintiff having failed to prove his case as alleged, it was not erroneous to grant a nonsuit at the conclusion of his evidence." The trial court did not err in granting the nonsuit.

■ As hereinbefore pointed out, the evidence of the books of original entry made a prima facie case in favor of the plaintiff as against the defendants Chambers, Clay and Mann. No item contained in the account thus established was denied by them. It follows that the evidence supported the verdict as to these defendants, and the remaining special grounds of the motion for a new trial of the defendants Chambers, Clay and Mann are without merit.

*Judgment affirmed as to both cases. MacIntyre, P. J., and Gardner, J., concur.*