35561. LIFE & CASUALTY INS. CO. OF TENNESSEE *v.*
MONDAY.

Decided March 17, 1955.

*Andrews & Covington, Ingram & Tull,* for plaintiff in error.
*J. L. Davis,* contra.

Felton, C. J.   There was admitted in evidence over the objection of the defendant a 3-inch by 5-inch slip of paper containing on one side the following language: "Horace Monday — Pol #17073499 — Age 30 — $1000 — 10¢ Issued 12-12-49 — DLP 1-9-50 — Lapse date 2-30-50 Issued on Debit #1215 — P4 — GH — 7-17-53."   The plaintiff introduced the paper in evidence for the purpose of showing an admission on the part of the defendant.   The introduction of the paper was objected to on the grounds that it was not signed by anyone; that it was not shown "that anyone with any authority from the company had any authority to issue any such paper"; that it was in direct conflict with the terms of the policy; and that it was irrelevant and immaterial.   The plaintiff testified in substance that sometime after the accident he went to the defendant's office in Cartersville and found at the office a man (he did not know and could not name him) behind the desk writing; that this man got up when the plaintiff came in; that the plaintiff asked the man on what date

the policy became effective; and that he looked in some books and gave the plaintiff the memorandum above quoted. The admission of this paper was error for the reason that there was no evidence that the admission was made as a part of the res gestae, or by an officer of the corporation so authorized, or that the agent otherwise had authority to make the admission. Code § 4-315; *Amicalola Marble & Power Co.* v. *Coker,* 111 *Ga.* 872 (1) (36 S. E. 950); *Mitchell Auto. Co.* v. *McDaniel,* 143 *Ga.* 516 (2) (85 S. E. 635); *Ninth Dist. Agricultural &c. School* v. *Wofford Power Co.,* 37 *Ga. App.* 271 (139 S. E. 916). The admission of the paper was harmful to the defendant because the court in its charge authorized the jury to find for the plaintiff if the effective date of the policy was December 10, 1949, or December 12, 1949.

It is not necessary to pass on the other special ground of the amended motion, showing newly discovered evidence which the movant contends shows that the memorandum was issued by the agent of another company in connection with another policy at a different place.

The court erred in denying the amended motion for å new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*