## 44334. NEVELS v. DETROITER MOBILE HOMES, INC. et al.

HALL, Judge. This was a suit by the beneficiary of an employee's group insurance policy against the employer and insurer to recover the accidental death benefit. The plaintiff appeals from a summary judgment for the defendants.

The policy provided: "Termination of insurance. . . The individual's insurance under the policy shall terminate at the earliest time indicated below: . . . (2) Upon termination of employment as hereafter defined. Cessation of active work shall be deemed termination of employment. . . At the option of the policyholder, the insurance of the individual may be continued during a temporary lay-off, or . . . may be continued during an authorized leave of absence granted by the policyholder for reasons other than sickness or injury but not beyond the end of the limited period specified in the group policy." The accidental death coverage provided: "No benefits shall be paid for . . . any loss unless the accident causing such loss occurred while the individual was insured hereunder; . . ."

The employee was killed in an automobile accident on October 13, 1967. With their motion for summary judgment the defendants submitted an affidavit by the employer's general manager stating that the employee was discharged and ceased active work for the company on September 23, 1967, and did not return to active work before his death, and was not carried on the company records as "temporarily laid off" or absent by reason of "an authorized leave of absence" granted by the company. The plaintiff beneficiary submitted his own affidavit stating that an individual other than the person making that affidavit was manager during the time the employee worked for the company, and "based on information and belief which the deponent believes to be true," that the employee was not discharged. The plaintiff's affidavit based on information and belief was, of course, insufficient to create an issue on the fact that the insured had been discharged and ceased active work. *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90); *Thornton v. Alford,* 112 Ga. App. 321, 324 (145 SE2d 106).

The plaintiff contends that the affidavit of the employer's general manager is based entirely on hearsay because it does not show that the affiant was employed by the company during the time the employee worked and that he had personal knowledge of the facts stated. The Summary Judgment Act (Ga. L. 1959, pp. 234, 235; *Code Ann.* § 110-1205) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

competent to testify to the matters stated herein. . ." This court held in *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, supra, that an affidavit considered on motion for summary judgment must show that the affiant has personal knowledge of the facts stated in it. This does not mean that the affidavit must contain a statement in those words. "A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient" to comply with the Act, supra, but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442) ; Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954) ; Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966).

The employer's evidence, including the certificate of group insurance issued to the deceased, showing that the deceased was not insured at the time of his death, pierced the plaintiff's claim. The evidence presented by the plaintiff and considered by the trial court was insufficient to rebut the defendant's evidence so as to create a genuine issue on this fact. The trial court did not err in granting the defendant's motion for summary judgment. *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED MARCH 5, 1969—DECIDED JUNE 25, 1969— REHEARING DENIED JULY 10, 1969—

*Hughes & Hughes, Edward T. Hughes,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellees.