45688. WATKINS PRODUCTS, INC. v. ENGLAND et al.

SUBMITTED OCTOBER 7, 1970—DECIDED JANUARY 11, 1971.

*Kenyon, Gunter, Hulsey & Sims, William B. Gunter, Samuel L. Oliver,* for appellant.

*Jack C. Bell,* for appellees.

EVANS, Judge. Plaintiff's motion for summary judgment alleges that a certain letter dated December 5, 1968, was sent by F. J. Kinzie, as collection manager of Watkins Products, Inc. to Elbert M. England, advising him of his right to return merchandise within 30 days.

Paragraph 4 of the motion for summary judgment alleges: "That Elbert England did not return any merchandise within the period aforementioned, nor has he returned merchandise at any subsequent date."

The defendant's answer alleged that he had attempted to return more than $1,000 worth of salable merchandise in question to the seller. It is noted that the affidavit refers to the return of merchandise *after* December 5, 1968, not before.

First of all, the movant for summary judgment completely failed to prove the mailing of a letter to the defendant so as to create a presumption that same was received. The law requires proof that the letter be placed in an envelope properly addressed, with postage affixed thereto, and posted. See *National Bldg. Assn. v. Quin,* 120 Ga. 358 (3) (47 SE 962); *Bankers Mut. Cas. Co. v. Peoples Bank of Talbotton,* 127 Ga. 326 (2) (56 SE 429); *First Nat. Bank v. Carmichael,* 198 Ga. 309, 315 (31 SE2d 811); *Rawleigh Medical Co. v. Burney,* 25 Ga. App. 20 (1) (102 SE 358); *Ninth District A. & M. v. Wofford Power Co.,* 37 Ga. App. 271 (3) (139 SE 916); *Sullivan Enterprises, Inc. v. Stockton,* 118 Ga. App. 542, 546 (164 SE2d 336).

Next, although movant had not shown that it had given the defendant a notice of his right to return salable merchandise, the motion for summary judgment positively alleges "Elbert England did not return any merchandise within the period aforementioned, nor has he returned merchandise at any subsequent date." The

affidavit fails to "show affirmatively that the affiant is competent to testify to the matters stated therein," and thus fails to comply with Sec. 56, CPA (Ga. L. 1966, pp. 609, 660; *Code Ann.* § 81A-156 (c)) as to evidence under motions for summary judgment. *Hancock v. Hancock,* 223 Ga. 481, 487 (156 SE2d 354); *Chandler v. Gately,* 119 Ga. App. 513 (1a) (167 SE2d 697); *Nevels v. Detroiter Mobile Homes,* 120 Ga. App. 60 (169 SE2d 716). Absolutely nothing is shown therein as to how many agents said corporation employed who were authorized to receive returned merchandise, or how many agencies or receiving stations it owned and operated for that purpose, or the location of same, and thus as to whether or not the defendant returned merchandise is beyond the competence and knowledge of the witness. It is the obligation of the movant for summary judgment to show positively the truth of the matters which are essential to a judgment in its behalf, and this it does not do.

Further, the mere allegation in defendant's answer that he had returned salable merchandise for credit, until refuted or contradicted in some manner, establishes in his behalf that he did so. The respondent under a motion for summary judgment has no burden whatever; the burden of proving his right to a summary judgment lies with the movant.

For all of the reasons above, the lower court did not err in denying the motion for summary judgment.

*Judgment affirmed. Deen, J., concurs Hall, P. J., concurs specially.*

HALL, Presiding Judge, concurring specially. I concur with the holding that the trial court did not err in denying the motion for summary judgment for the reason that there is a genuine issue of whether the principal defendant received the letter.

I do not concur with the other language in the opinion to the effect that an affidavit must formally recite that it was made on personal knowledge. This is contrary to the holding in *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178): "The defendant also contends that the licensed architect's affidavit is hearsay because it does not formally recite that it was made on personal knowledge. *Code Ann.* § 81A-156 (e). 'This does not mean that the affidavit must contain a statement in those words. "A statement in the jurat to the effect that the affidavit is made upon

personal knowledge is generally sufficient" to comply with the Act, . . . but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954); Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966).' *Nevels v. Detroiter Mobile Homes, Inc.,* 120 Ga. App. 60, 62 (169 SE2d 716), cert. den. 120 Ga. App. 886; *Central Chevrolet, Inc. v. Lawhorn,* 120 Ga. App. 650 (2) (171 SE2d 774). As to the service and time of filing of the affidavit, there is no showing of any objection being made in the trial court or any harm to the defendant. See *Simmons v. State Farm Mut. Auto. Ins. Co.,* 111 Ga. App. 738 (143 SE2d 55); *Harrington v. Frye,* 116 Ga. App. 755, 757 (159 SE2d 84); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, supra. *Malone v. Ottinger,* 118 Ga. App. 778 (165 SE2d 660), is not a binding precedent for the reason it was only a two-judge opinion." In *Wakefield,* supra, we held that it affirmatively appeared that the affiant was competent to testify as to the customary practice in the construction business by virtue of the fact he stated he was a licensed architect. In *Nevels,* supra, we held that it affirmatively appeared that the affiant was competent to testify as to what action the company had taken with respect to certain facts by virtue of the fact he stated he was the general manager of the company. Here the affiant stated that he was the plaintiff's collection manager.

As Justice Cardozo said many years ago we should never "exalt form above substance." People v. Defore, 242 N. Y. 13, 23 (150 NE 585).