## 49996. PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY v. WILES.

CLARK, Judge.

Defendant insurer appeals from the denial of its summary judgment motion and the grant of summary judgment to plaintiff beneficiary. The requisite review certificate accompanies the appeal.

As an employee of National Wire of Georgia, Inc., plaintiff's decedent was insured under a group life and health insurance policy which had been issued to National Wire by defendant insurer. The policy provided, with respect to eligibility, that "Each employee becomes eligible for insurance under this policy on the later of the effective date of this policy or *the date the employee completes three months of active service with the group policyholder* provided the employee is then in the eligible classes." (Emphasis supplied.) With regard to termination of the insurance, the policy states that "The insurance with respect to any individual employee shall terminate as of the earliest date determined in accordance with the following provisions: (f) the date the employee's active employment with the group policyholder is

terminated, except that employees may be considered as remaining in active employment for purposes of insurance under this policy (1) during temporary lay-off or leave of absence for any reason other than disability or pregnancy, but not for a longer period than three months from the date of termination of active work. . ."

On July 22, 1970, plaintiff's decedent was discharged from his employment. No further insurance premiums were paid on his behalf and his name was deleted from the group policy on August 1, 1970. Subsequently, on October 22, employee returned to National Wire to resume his former duties. The parties agree that the employee's return to National Wire occurred within three months of the July 22 termination date. Upon his re-employment he completed a new insurance enrollment form just as if he were a new employee. As the policy required a period of three months employment before coverage would become effective, the employer retained this enrollment form to await passage of the requisite three months employment period. Accordingly, his name was not added to the insurance rolls and no insurance premiums were deducted from his wages at that time. On December 19, before the expiration of three months from the date of his return to National Wire, plaintiff's decedent died.

Plaintiff instituted this suit as beneficiary against both the employer and the insurer to recover the insurance proceeds allegedly due under the terms of the policy. The employer's motion to dismiss was granted.

The gravamen of plaintiff's action is her assertion that her decedent's insurance coverage was not terminated by his July 22 discharge because the discharge was only *temporary* and the decedent returned to work within three months. Thus, plaintiff contends that, under the terms of the policy, her decedent continuously remained in "active employment" and was, therefore, insured upon his death.

Defendant insists, on the other hand, that plaintiff's decedent was *permanently* discharged from his employment on July 22. Thus, defendant insurer argues, plaintiff's decedent was a "new" employee upon his return to work and as such it was necessary that he work three months before he would be eligible for coverage under the

policy.

The question upon which this case turns is whether plaintiff's decedent was permanently, or only temporarily, discharged. We find our answer in the deposition of the group policyholder's vice president and general manager. The deponent averred that plaintiff's decedent was totally discharged (R. 95); and that "He was not temporarily laid off in any way, shape or form." (R. 113). These statements are uncontradicted by any evidence of probative value. Plaintiff's statement, via deposition, that she overheard a co-employee tell decedent that he was only temporarily discharged fails to raise an issue of fact upon this question because it is hearsay and cannot be considered an admission chargeable to employer or the insurer.

This aspect of our case is similar to *Nevels v. Detroiter Mobile Homes, Inc.*, 120 Ga. App. 60 (169 SE2d 716), wherein a summary judgment for defendant insurer was affirmed. The group policy in that case contained a termination provision almost identical to that involved here. This court's decision to affirm was based upon the affidavit of the employer's general manager who averred that the plaintiff's decedent had not been "temporarily laid off." That affidavit was deemed sufficient to pierce the beneficiary's claim that the employee was insured on the day of his death. We rule likewise here with respect to the general manager's deposition.

Since plaintiff's decedent was permanently terminated on July 22, 1970, the policy required that he work three months upon his "re-employment" before he would be eligible for benefits. Unfortunately, the employee did not remain in active service for the length of time required by the policy. Thus, under the provisions of the insurance contract sub judice plaintiff's decedent was not eligible for coverage on the date of his death.

The trial court erred in granting plaintiff's motion for summary judgment and in denying defendant's motion for summary judgment.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

Argued January 9, 1975 — Decided April 8, 1975.

*Miller, Beckmann & Simpson, John M. Tatum,* for appellant.

*Smith & Portman, Alexander L. Zipperer, III,* for appellee.