11798.  HINES, director-general, *v.* OWENS.

STEPHENS, J.  1.  A failure of the court to charge a certain proposition of law furnishes no ground for complaint to a party to the suit who does not rely upon such proposition of law to sustain his case. It follows therefore that in a suit against a railroad company for personal injuries, where the plaintiff alleges, as negligence causing the injury, that the defendant failed to blow the whistle of its locomotive when approaching the crossing at which the injury occurred, and where the defendant in its pleadings denies such failure and alleges that it did blow the whistle and offers evidence to sustain such allegation, it is not error for the trial judge to fail to charge that railroad companies are not required to blow the whistles of their locomotives on appoaching crossings or public roads within the corporate limits of cities, towns, and villages of this State. Penal Code, § 520. In view of the above ruling, it was not error for the court to fail to charge " the law relative to the running of railroad trains within the corporate limits of a city and approaching a crossing therein, as set out in Acts of the General Assembly of Georgia, 1918, page 212 et seq."

2.  The various requests to charge, in so far as the same were pertinent and not argumentative, were covered by the court in the general charge to the jury. Although such requests contain sound propositions of law, announced by the Supreme Court of this State in various adjudications, it does not necessarily follow that such language should be given in

charge to the jury. *Savannah Electric Co.* v. *Joseph*, 25 *Ga. App.* 518 (103 S. E. 723).

3. The charge of the court fairly and impartially presented all the issues in the case, and was not subject to the objection that it tended to confuse the minds of the jury or was erroneous for any reason insisted upon.

4. Considering the nature of the injuries, as testified to by the plaintiff, his pain and suffering and the impairment of his capacity to work, this court can not conclude that the verdict for the plaintiff for $5,000, which was approved by the trial judge, was excessive.

5. The evidence authorized the verdict, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Action for damages; from Newton superior court — Judge Searcy. July 17, 1920.

*Rogers & Tuck, J. C. Knox*, for plaintiff in error.

*King & Johnson,* contra.