### 14609.   HARALSON, adm'r, *v.* WHITE & CO.

In the absence of a will so providing, the estate of a decedent is not liable for the funeral expenses of his widow, who had taken dower and a year's support.

> DECIDED OCTOBER 12, 1923.

Complaint; from Rockdale superior court—Judge Hutcheson. April 14, 1923.

This was an action by White & Company against W. L. Haralson, as administrator de bonis non of the estate of J. H. Haralson, deceased, on an account for the funeral and burial expenses of Mrs. Mary A. Haralson, the widow of J. H. Haralson. By consent of the parties the case was submitted to the presiding judge for determination on an agreed statement of facts, supplemented by evidence. To his judgment in favor of the plaintiff for the full amount sued for the defendant excepted.

It was agreed: that J. H. Haralson died in the year 1915; that his widow, Mrs. Mary A. Haralson, for whose funeral expenses the present action was brought, died in 1921; that in her lifetime she

was assigned a year's support and also dower in her husband's estate, of which she was administratrix; and that with the exception of the remainder interest in the dower lands, her husband's estate had been fully administered prior to her death. The evidence introduced independently of the agreed statement was conflicting as to the value of the estate left by the wife, some witnesses placing it at several hundred dollars and others at less than $100. The stipulation showed further that the widow's personal liabilities did not exceed $140; and that after her death an administrator de bonis non (the defendant in this case), in the person of one of her sons, was appointed on the estate of J. H. Haralson, deceased (presumably for the sole purpose of administering the reversion in the dower); and that "there is no contest in regard to the amount of the plaintiff's claim [$351.05], the only difference between the parties being whether or not the dower is subject to her burial expenses." The indebtedness sued for was incurred by another son of Mrs. Haralson, he at the time requesting the undertaker to charge the account to his father's estate.

*W. C. Munday, J. H. McCalla,* for plaintiff in error.

*C. R. Vaughn,* contra.

BELL, J. (After stating the foregoing facts.)

After taking dower the wife had no further interest in the husband's estate than year's support. *Farmers Banking Co.* v. *Key,* 112 *Ga.* 301 (1) (37 S. E. 447); *Truett* v. *Funderburk,* 93 *Ga.* 686 (2) (20 S. E. 260). She had been allowed a year's support, had been granted dower, and the estate of the husband, with the exception of the remainder interest in the dower, had been fully administered and distributed. The reversion of the dower was no part of her estate. The administrator de bonis non had control of no property in which she or her heirs had any interest, and under no theory would an action be maintainable against him for the funeral and burial expenses of the wife whose husband predeceased her. Section 2996 of the Civil Code (1910), binding the husband to support and maintain his wife and making her his agent for the purchase of suitable necessities for the use of herself and the family, and the law as laid down by the Supreme Court in *Kenyon* v. *Brightwell,* 120 *Ga.* 606 (3) (48 S. E. 124, 1 Ann. Cas. 169), and like cases, refer to the liability of living husbands and not of dead ones. "The funeral expenses of the decedent's

wife and family are sometimes made, by statute, a charge upon his estate, and they have been held to be payable out of his estate even in the absence of an express statutory provision where decedent and his wife and children perished in a common disaster." 24 C. J. 308, § 928. There is no statute in Georgia making the estate of a deceased husband responsible for the funeral expenses of his widow, and unless Mr. Haralson had so provided in a will, the reversionary estate was not liable for this expense.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*