17,583.    SMITH *v.* MARBUT-WILLIAMS LUMBER COMPANY.

STEPHENS, J. 1. Upon the trial of a suit against a married woman to recover for the purchase price of building materials alleged to have been purchased by her through her husband as agent, where she denies that she purchased the materials, and alleges that the debt was the debt of her husband, and there is evidence to authorize the inference that the husband purchased the materials upon his own account and not as agent for his wife, and the wife afterwards promises to pay the debt, she can not, in the absence of a plea setting up the statute of frauds, deny liability upon the ground that the promise, if made by her, was to pay the debt of another and was not in writing. A request to submit this issue to the jury was properly denied.

2. While, as was held in *Herrington* v. *Garlick*, 27 *Ga. App.* 368. (108 S. E. 304), only slight evidence as to the husband's agency in contracting a debt for and in behalf of his wife is sufficient to authorize a jury to find in favor of the existence of such agency, where all the consideration of the debt reaches the wife as an accession to her separate estate, it is nevertheless necessary, in a suit against the wife, where her liability is dependent upon the establishment of the fact of the agency on the part of the husband, to establish the agency by a preponderance of the evidence. A charge to the jury that under the conditions referred to, "only slight evidence of the husband's agency in contracting the debt is required to charge her," is calculated to impress upon the jury that any evidence tending to establish the husband's agency, however slight, is sufficient to establish his agency and to authorize a verdict against the wife, although the preponderance of the evidence

Appeal and Error, 4 C. J. p. 649, n. 36; p. 650, n. 37; p. 972, n. 70.
Evidence, 22 C. J. p. 299, n. 32; p. 308, n. 76; p. 310, n. 77; p. 458, n. 82.
Frauds, Statute of, 27 C. J. p. 368, n. 10; p. 369, n. 13.
Husband and Wife, 30 C. J. p. 619, n. 90; p. 851, n. 52, 53, 59, 61, 62.
Trial, 38 Cyc. p. 1756, n. 88, 89.

may be otherwise. See *Ga. Ry. & Power Co.* v. *Shaw,* 25 *Ga. App.* 146 (1a) (102 S. E. 904); *Hines* v. *Owens,* 27 *Ga. App.* 373 (2) (108 S. E. 478).

3. Upon the trial of the suit against the wife to recover for materials furnished to the husband and applied to her benefit by the improvement of her separate estate, where there had been admitted in evidence a statement afterwards made by her to the plaintiff that she would pay for the materials if she could obtain a loan upon certain property in a certain amount, evidence that she had since obtained a loan in an amount larger than the amount of the indebtedness sued for was irrelevant and had no value as tending to establish the wife's liability, and, when considered in connection with the antecedent promise made by her to pay the debt, was calculated to prejudice and unduly influence the jury against her.

4. An offer made by the wife to the plaintiff, to pay for the materials which had been furnished, at a sum less than that claimed by the plaintiff, which offer was not accompanied by any statement by the wife admitting liability, was an offer to compromise, and evidence as to such offer was improperly admitted over objection. *Malsby* v. *Widincamp,* 24 *Ga. App.* 737 (7) (102 S. E. 178); *Georgia Ry. & Electric Co.* v. *Wallace,* 122 *Ga.* 547 (1) (50 S. E. 478).

5. It being material whether, when the husband purchased the materials from the plaintiff, he did so upon his own account or as agent for his wife, the entries on the plaintiff's ledger, made at the time, showing that the materials were charged in the name of the husband for his wife, were admissible in evidence as a part of the res gestæ of the transaction.

6. Since the case is to be retried, it is unnecessary to pass upon any other assignment of error than those dealt with above.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1927.

Complaint; from Fulton superior court—Judge Pomeroy. June 26, 1926.

*Burress & Dillard,* for plaintiff in error.

