### 18250. Millsaps *v.* Strange Company.

Bell, J. 1. In a suit upon an account, where from the testimony of the plaintiff's bookkeeper the jury could have inferred: that he made all the entries in the plaintiff's books and kept the books correctly; that the entries were made by him in the usual order of business, from original sales tickets delivered to him by the plaintiff's clerks or salesmen, who made and delivered the tickets simultaneously with sales and as mere memoranda thereof; that the witness did not make the sales, and that his knowledge of the account was limited to the facts stated, but that from these facts, including the books as thus kept, the account was correct, *held:* The testimony of the bookkeeper was competent and admissible as proof of the account sued on, and was not subject to the objection "that it was based entirely on hearsay and on the books without showing [that the witness] made the sales or delivered the goods charged, and without showing [that] he made the original entries." The tickets as made by the salesmen in the regular discharge of their duties constituted a part of the res gestæ of the transactions comprising the account, and were presumably correct (*Shields* v. *Carter,* 22 *Ga. App.* 507 (3) (96 S. E. 330); *English* v. *Poole,* 31 *Ga. App.* 581 (4) (121 S. E. 589)), and the knowledge of the bookkeeper in relation to

Appeal and Error, 4 C. J. p. 650, n. 37.
Evidence, 22 C. J. p. 491, n. 83; p. 865, n. 55; p. 887, n. 8.
New Trial, 29 Cyc. p. 788, n. 93.
Trial, 38 Cyc. p. 1657, n. 47; p. 1663, n. 21 New.

these matters was knowledge of the account. *Fielder* v. *Collier*, 13 *Ga.* 496 (2); *Bailey* v. *Barnelly*, 23 *Ga.* 582, 587; *Schaefer* v. *Ga. R.*, 66 *Ga.* 39 (2); *Swift* v. *Oglesby*, 8 *Ga. App.* 540 (4) (70 S. E. 97); *Hayden* v. *Atlanta Cotton Factory*, 61 *Ga.* 234.

(a) In view of the time and circumstances of the making, delivery, and record of the sales tickets to which the witness testified in this case, the rule is inapplicable that the correctness of an account can not be established by testimony merely to the effect that the same is a correct copy of the account as it appears upon the books kept by the witness on information or data furnished to him by others, without other knowledge of the account on his part. See *Dougan* v. *Dunham*, 115 *Ga.* 1012 (42 S. E. 390); *McCoy* v. *Meador*, 140 *Ga.* 253 (2) (78 S. E. 848); *Jenkins* v. *Nat. Mut. B. & L. Asso.*, 111 *Ga.* 732 (3) (36 S. E. 945); *So. Home B. & L. Asso.* v. *Butler*, 111 *Ga.* 826 (35 S. E. 679); *Birmingham Lumber Co.* v. *Brinson*, 94 *Ga.* 517 (2) (20 S. E. 437); *Ninth District A. & M. School* v. *Wofford Power Co.*, 37 *Ga. App.* 271 (139 S. E. 916); *Scott* v. *Kelly-Springfield Tire Co.*, 33 *Ga. App.* 297 (9) (125 S. E. 773); *Atlanta Journal Co.* v. *Knowles*, 24 *Ga. App.* 745 (102 S. E. 191); *Case Threshing Machine Co.* v. *Binns*, 23 *Ga. App.* 46 (97 S. E. 443).

2. The court did not err in admitting the testimony of a witness that he *understood* that a named person was looking after the defendant's business during a certain period. *Moody* v. *Davis*, 10 *Ga.* 403 (2); *Foley* v. *Abbott*, 66 *Ga.* 115; *Neal* v. *Field*, 68 *Ga.* 534; *Marshall* v. *Pierce*, 136 *Ga.* 543 (3) (71 S. E. 893); *Mimbs* v. *State*, 2 *Ga. App.* 387 (2) (58 S. E. 499); *Jarriel* v. *Savannah Guano Co.*, 34 *Ga. App.* 72 (128 S. E. 237). Nor did the court commit other error in the admission of testimony.

3. The purpose of the suit was to recover the value of goods alleged to have been sold to the defendant's employees by his authority. The defendant not only contended that the amount to be furnished to each employee was limited and that the plaintiff sold to several of the employees larger bills than the defendant authorized, but his plea was such as to put the plaintiff upon proof of the entire account and of every item thereof. In view of the issues made by the pleadings and the evidence, the following charge to the jury was erroneous: "Now, in this case, if you find that [the defendant] stood for these parties or any one of them, for any sum, then of course, if you should find that to be the facts, then it would be your duty to give a verdict in favor of the plaintiff against [the defendant] for that amount." This charge improperly assumed the correctness of the account sued on, and limited the defendant to the one issue of whether the amounts were authorized. Civil Code (1910), § 4863. Because of this error in the charge, the defendant was entitled to a new trial.

4. The matter upon which the defendant moved for a mistrial will not likely recur upon another trial, and it is unnecessary to determine whether a mistrial should have been ordered.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1928. REHEARING DENIED FEBRUARY 18, 1928.

Complaint; from Barrow superior court—Judge Stark.  April 18, 1927.

*J. C. Pratt,* for plaintiff in error.  *G. D. Ross,* contra.