20833.   SMITH, administrator, *v.* ELLIOTT & SONS.

BELL, J.   1. Where a married woman died leaving a husband surviving her, the husband was primarily liable for her necessary funeral expenses, and this is true although the husband may have died on the same day but after the death of the wife and the items furnished for his wife's funeral may have been supplied at the instance of a third person.   The same rule of liability would apply as against the estate of the husband, where the wife predeceased him, even though the goods were not ordered or furnished until after the husband's death.   *Kenyon* v. *Brightwell,* 120 *Ga.* 606 (3) (48 S. E. 124, 1 Ann. Cas. 169); *Pafford* v. *Hinson,* 34 *Ga. App.* 73 (128 S. E. 207); and compare *King* v. *Southern Railway Co.,* 126 *Ga.* 794 (2) (55 S. E. 965), 8 L. R. A. (N. S.) 544).   The present case is distinguished from *Haralson* v. *White,* 31 *Ga. App.* 105 (119 S. E. 454), in which it appeared that the husband died first.

2. In the instant suit by a firm of undertakers against the administrator of the husband to recover for the funeral expenses of the wife, the jury were authorized to find, from the evidence, that a brother of the deceased wife arranged with the plaintiff undertakers for her funeral, but agreed to become liable only as a surety, and thus that the items of goods and of services were supplied by the plaintiffs without any sort of agreements whereby the husband or his estate would be relieved of the liability therefor.   The mere fact that the items were entered upon the plaintiffs' books as a charge against the individual personally dealt with did not, in view of the evidence as a whole, establish conclusively and as a matter of law that the credit was extended to that individual instead of to the husband or the person primarily liable.   *Wolff* v. *Hawes,* 105 *Ga.* 153, 157 (31 S. E. 425); *Flournoy* v. *Wooten,* 71 *Ga.* 168 (4); *Smith* v. *Marbut-Williams Lumber Co.,* 37 *Ga. App.* 239 (5) (139 S. E. 590); *Manley* v. *Chamberlin-Johnson-DuBose Co.,* 41 *Ga. App.* 31 (151 S. E. 676).

3. The jury found a verdict for considerably less than the amount sued for, and, so far as appears, the difference could have included the two items which the administrator contends were in no event a part of the funeral expenses.

4. The evidence authorized the verdict for the plaintiffs, and the court did not err in refusing a new trial.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 12, 1931.

*W. Inman Curry,* for plaintiff in error.
*Walter R. McDonald, J. A. Merritt,* contra.