23079. ELEY *et al. v.* HOLDEN, executor.

Decided December 22, 1933.

J. A. Beazley, Miles W. Lewis, for plaintiffs in error.
Hawes Cloud, Horace M. Holden, contra.

MacIntyre, J. J. W. Eley and Mrs. Minnie Eley brought an action against John F. Holden to recover $3,000, averring that said sum was due as a loan. Holden defended upon the theory that

said sum was not loaned to him, but that it was deposited in the Bank of Crawfordville, of which he was president, and that the bank subsequently broke. After a verdict was rendered in favor of the defendant, he died, and, pending a decision on the motion for a new trial filed by the plaintiffs, Holden's executor, after being duly qualified, was made a party defendant. Thereafter the court overruled the motion for a new trial as amended, and plaintiffs excepted.

The only two special grounds of the motion for a new trial complain of the admission in evidence of certain entries on the books of the Bank of Crawfordville. The nature of the evidence sufficiently appears from the following quotation from the brief of counsel for plaintiffs in error: "The books of the Bank of Crawfordville, showing a deposit made by plaintiffs of the same amount [$3,000] and on the same date they claimed to have loaned defendant the money, was allowed to go to the jury. . . An entry on the books dated January 6, 1930, showing payment of $149.05 to plaintiffs, was also submitted to the jury as evidence of payment of interest on the $3,000 by the bank, and not by the defendant."

Plaintiffs in error contend that there was no sufficient ground for the introduction of the books containing said entries, under the Civil Code (1910), § 5769; that these entries were hearsay, being the declarations of third persons; and that this evidence was vitally harmful to the plaintiffs.

The oral testimony of the witnesses for the defendant was to the effect that no loan was made by the plaintiffs to the defendant, but that the plaintiffs intended to make a deposit in the bank, and that the deposit was made as desired by them. We think these entries in the books of the bank were admissible to explain the transaction in question, and support and corroborate the testimony of witnesses for the defendant. The mere fact that a book is kept in ledger form is not a valid objection to its admission as a book of original entries. The books contemplated by section 5769 of the Civil Code (1910) are permanent books. *Bush* v. *Fourcher*, 3 *Ga. App.* 43. In the instant case the issue was whether the transaction in question was the individual transaction of John F. Holden, or was one for the bank. The object of the evidence was not to prove the correctness of the account, and the books of the bank were not inadmissible because there was no compliance with the statute in regard to the preliminary proof of the correctness of the account books when

offered for the purpose of showing that the $3,000 entry was made in pursuance of the defendant's contention that it was a deposit and not an individual transaction. Oral testimony had been introduced that an entry in effect the same as that entered on the pass-book was made by the proper employee of the bank on the bank ledger; that the entry on the pass-book at the time of the deposit had been read over to J. W. Eley (he not being able to read or write); and that Eley himself testified that "the paper" (the pass - book) was read over to him at the time,—all of which tended to show an acquiescence on Eley's part as to the contention of the defendant. *Becker* v. *Donalson*, 138 *Ga.* 634. "Entries made in the regular and usual course of business, and which it was the custom and duty of the enterer in such manner to make, are ordinarily admissible as a circumstance on behalf of a defendant making them for the purpose of corroborating his denial of the plaintiff's claim." *Shields* v. *Carter*, 22 *Ga. App.* 507 (3). See also in this connection section 5673 of the Civil Code (1910), which reads as follows: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." Moreover, the entries on the books were made at the time and place of the transaction in question and served to illustrate its character, and were admissible as part of the res gestæ. See *Smith* v. *Marbut-Williams L. Co.*, 37 *Ga. App.* 239 (5); *Shippey Bros.* v. *Owens*, 17 *Ga. App.* 127 (5). See also *Alvaton Mercantile Co.* v. *Caldwell*, 34 *Ga. App.* 151; *Millsaps* v. *Strange Co.*, 37 *Ga. App.* 716; *Nix* v. *Armour Fertilizer Works*, 40 *Ga. App.* 745. The court did not commit error in admitting the books.

Though conflicting, the evidence authorized the verdict, and the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*