## 46153. SALTERS v. PUGMIRE LINCOLN-MERCURY, INC. et al.

SUBMITTED MAY 7, 1971—DECIDED SEPTEMBER 9, 1971.

*Carl Fredericks,* for appellant.

*Edwards, Bentley, Awtrey & Parker, Annette M. Risse,* for appellees.

HALL, Presiding Judge. 1. The issue raised here is whether the existence or absence of the agency relationship may be established by either bare assertions or denials. In other words, was the court dealing with facts or mere conclusions of law? The Georgia case law on this point is not clear since the opinions are all summary in nature. In other states there is "considerable conflict of authority and confusion even in the same jurisdiction." Anno. 90 ALR 749, 750. See also 3 AmJur2d 714, Agency, § 356.

It has long been the Georgia rule that one who is a party to the relationship (the principal or agent) may testify as a *fact* as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact. *Lysle Milling Co. v. Whitfield Grocery Co.,* 26 Ga. App. 216 (106 SE 8); *Great Southern Acc. &c. Co. v. Guthrie,* 13 Ga. App. 288 (79 SE 162); *Friese v. Simpson & Harper,* 15 Ga. App. 786 (84 SE 219); *Floyd v. Taylor Cotton Co.,* 26 Ga. App. 96 (105 SE 646); *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (125 SE 773). We have discovered no Georgia case in which this type of testimony by the purported principal or agent was considered to be a conclusion.

However, when the asssertion has been made by a third person, not a party to the relationship, our decisions have not been definitive. In two cases the testimony was held inadmissible as a mere conclusion or inference of the witness, usurping the function of the judge and jury. *Ga. R. &c. Co. v. Head,* 155 Ga. 337 (116 SE 620); *Rawleigh Co. v. Royal,* 30 Ga. App. 706 (119 SE 339). Two other cases seem to hold that the testimony was properly admitted as a statement of fact. One case is readily distinguishable since the testimony was that the witness "*understood* that a named person was looking after the defendant's business during a certain period." *Millsaps v. Strange Co.,* 37 Ga. App. 716, 717 (141 SE 513). This was a factual statement of what the witness understood, not an assertion of agency. The other case is more trouble-

some. The relevant portion simply states "Agency is a fact, and the testimony of a witness that a certain person was the defendant's 'duly authorized representative' was not subject to the objection that it was a statement of a mere conclusion. Whether the statement was well founded was a matter for cross examination, or for determination by other facts in evidence, either from the witness or other testimony. *Sankey v. Columbus Iron Works*, 44 Ga. 228 (3); *Shaw v. Jones*, 133 Ga. 446 (3) (66 SE 240). Where, however, such testimony has been given, and it thereafter appears that the witness has answered without any personal knowledge of the fact about which he has testified, his testimony should be disregarded." *Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (6), supra. Of the two cases cited in support of this holding, *Sankey* involved testimony of parties to the relationship and *Shaw* merely stated the presumption that a witness testifies from personal knowledge. Neither directly supports the proposition that agency is a fact rather than a conclusion, regardless of who is making the assertion.

We believe there is a distinction between bare assertions or denials of a legal relationship made by parties to it as opposed to such statements by outsiders. In the first instance the presumption of personal knowledge is strong, and the statement is more like a summary of many facts and the personal understanding of one's status vis a vis another, than a conclusion of law. This is particularly true when the negation of the relationship is the issue. We certainly would not require that the alleged parties list all the things they did *not* do which might create the relationship. When each says it was not a principal or agent of the other, that is a statement of fact.

On the other hand, the existence of the relationship is not within the personal knowledge of an outsider. What he may know are certain facts which might lead to that conclusion. As the *Scott* case points out, it is a matter for cross examination or determination by other facts in evidence.

On this motion for summary judgment there was no pleading or affidavit by plaintiff setting out any fact in support of his bare assertion that Pugmire was an agent of Ford. That his petition was verified does not turn a conclusion into a fact. It falls in the

same category as swearing that it is absolutely true that someone was negligent. The court did not err in granting summary judgment for *this* reason.

2. However, it did err because plaintiff raised the objection below that defendants' affidavits did not state they were based on personal knowledge. *Code Ann.* § 81A-156 (e); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Ga. Hwy. Express v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215).

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*