68479. ENTERTAINMENT DEVELOPERS, INC. et al.
v. RELCO, INC.
(322 SE2d 304)

CARLEY, Judge.
Appellant Entertainment Developers, Inc. d/b/a Lakeside Club (Lakeside) entered into a written "lease agreement" with Coastal States Equipment Company, Inc. (Coastal States). Appellant Thomas guaranteed to pay all amounts owed by appellant Lakeside under the written agreement. Subsequently, Coastal States assigned its interest in the written agreement to appellee. Appellant Lakeside defaulted and appellee accelerated the amount remaining due under the agreement. Appellee thereafter initiated suit against appellants seeking to recover monies due under the agreement plus attorney fees. Appellants answered and counterclaimed against appellee, alleging breach of implied warranties of merchantability and of fitness for a particular purpose. The trial court granted summary judgment in favor of appellee as to both appellee's main claim and appellants' counterclaim. Appellants appeal.

1. Appellants contend that summary judgment was erroneously granted because a question of material fact exists as to whether there was an effective disclaimer of the implied warranties of merchantability and of fitness for a particular purpose.

The trial court found that the written agreement entered into by the parties and designated as a "lease agreement" was in actuality a contract for the sale of goods. This finding is not disputed by the parties. The implied warranties of merchantability and of fitness for a particular purpose would therefore arise out of this contract "unless excluded or modified" by the contract. OCGA §§ 11-2-314; 11-2-315.

The method by which a merchant may effectively exclude or modify these implied warranties is set forth in OCGA § 11-2-316. Following a careful review of the contract at issue, we find that the contract contains a clear, unambiguous and effective disclaimer of the implied warranties of merchantability and of fitness for a particular purpose pursuant to OCGA § 11-2-316 (2).

2. Appellants also contend that a question of fact remains as to whether, at the time of default, some of the equipment was in the possession of appellee or its agent, thereby entitling appellants to a reduction in the amount owed pursuant to the terms of the agreement.

The evidence of record, construed most favorably for appellants, shows that a certain piece of equipment that had been delivered to appellant Lakeside pursuant to the agreement had malfunctioned. The equipment was returned directly to the president of Coastal States for repair, and in turn, appellant Lakeside received a "loaner" for use while the original equipment was being repaired. Appellants still had possession of the "loaner" equipment, and not the original equipment at the time of default. The "loaner" was of lesser value than the original equipment.

Coastal States, the purported agent whose alleged possession of the equipment appellants attribute to appellee, is not a party to the instant action. Appellant Thomas stated in his affidavit, however, that "it is clear" that Coastal States is appellee's agent. Appellant Thomas "supported" his conclusion by referring to a letter wherein appellee suggests to a third party that Coastal States might act as its agent in a *totally unrelated matter*. The president of appellee stated in his affidavit that neither appellee *nor any of its agents* removed, substituted or replaced any equipment described in the written agreement.

When a party to an alleged agency relationship denies that such a relationship exists, "that is a statement of fact. On the other hand, the existence of the relationship is not within the personal knowledge of an outsider. What he may know are certain facts which might lead to that conclusion . . . . [I]t is a matter for cross-examination or determination by other facts in evidence." *Salters v. Pugmire Lincoln-Mercury*, 124 Ga. App. 414, 416 (184 SE2d 56) (1971). In other words, a bare assertion of the existence of an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an unsupported conclusion of law.

Applying these principles, it is clear that no question of fact remains as to the existence of an agency relationship between appellee and Coastal States. Appellee effectively denied the existence of such a relationship by asserting that neither it nor anyone acting as its agent had substituted, removed, or replaced the equipment at issue. This

178

was a statement of fact. Appellant Thomas, an "outsider" to the alleged agency relationship merely asserted that an agency existed. We find that the letter concerning a totally unrelated matter does not support his bare conclusion that Coastal States was acting as appellee's agent in this particular matter. The trial court did not err in granting summary judgment in favor of appellee on appellants' counterclaim.

*Judgment affirmed. Quillian, P. J., and Birdsong, J. concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984.

*Antonio L. Thomas, Donald M. Dotson,* for appellant.
*Mark A. Kelley,* for appellee.