### 77611. WHITE et al. v. KROGER COMPANY.

(378 SE2d 732)

BIRDSONG, Judge.

Grant of Summary Judgment. Undisputed facts reflect that in the summer of 1984, Mr. and Mrs. White had completed shopping for groceries at a Kroger store in Newnan. After loading the groceries into the car and trying to depart the parking area, it was determined that the car battery was "dead." Mr. White left his family in the car while seeking help in getting the car started. It being summer, the interior of the car became oppressively hot and Mrs. White gave permission for her children to exit the vehicle but to stand alongside. Apparently her four-year-old William wanted a printed religious tract available for free from a rack immediately outside and adjacent to the entrance to the Kroger store. To the mother's consternation, William and his nine-year-old sister proceeded from the side of the car to the entrance to the Kroger store to claim one of the tracts. The 9-year-old sister apparently had a firm grasp of the 4-year-old's hand.

Leading from the Kroger store entrance toward the parking lot was a ramp that allowed shoppers to trundle carts across the side-

walk, down the ramp, across a roadway and into the parking lot to the purchaser's car. There was no painted or otherwise marked pedestrian crosswalk from the end of the ramp to the edge of the parking lot. Immediately to the left and right of the entrance door, the mall had a covered sidewalk. Approximately 20-25 yards to the left of the main entrance to the Kroger store, in the front wall of the store, there was a small half door that shoppers could use to push shopping carts out onto the sidewalk, there to remain until the shoppers could reclaim their autos and drive up to the reserved parcel pick-up area. From the edge of the ramp to the left end of the Kroger store alongside the sidewalk, there was a curb. Along this curb, in the roadway, there was a painted area restricted to temporary parking for customers picking up parcels. This painted area was delineated not only by painted stripes but also by two four-foot high signs, one at each end of the parcel pick-up area warning patrons that parking was not permitted except for parcel pick-up.

While Mr. White was absent looking for help to start the car and after young William and his sister had arrived at the front entrance to the Kroger store, the co-defendant, John Lee Weathers, entered the shopping center and drove down the main entrance of the center through the parking lot to a "T" intersection with the roadway passing in front of the several stores, including the Kroger store. The entrance door and ramp to the Kroger store were directly to Weathers' left front. Weathers stopped at the "T" intersection, looked right and left and seeing no oncoming traffic from either direction, turned left and passed the entrance and ramp to the Kroger store. Weathers remembered seeing Mr. White on his left at the side of a car in the parking lot. As he passed the parcel pick-up area, he felt a bump but did not see the cause of the bump. In fact, the car had made contact with 4-year-old William at the right front fender-bumper area, knocked him down, and passed over him.

Mrs. White exited her automobile when she saw the 9-year-old and the 4-year-old cross the roadway in front of Kroger. She was going after the two children. It was apparent that young William had seen his father in the parking lot and wanted to go to him. William pulled his hand free from his sister and ran or darted across the sidewalk from the entrance area, through the edge of the parcel pick-up area and into the open roadway. Mrs. White saw Weathers stop and make the left turn and saw William run into the roadway and into the car. Mr. White also saw the impending collision of child and car and screamed at Weathers to stop.

The father, as next of friend of his son, brought suit against Kroger, alleging negligence in failing to have a designated crosswalk from the ramp to the parking lot and in placing on the sidewalk or roadway two four-foot signs that could obscure the vision of a child from see-

ing approaching traffic or alternatively obscuring the vision of a motorist from seeing a small child.

Kroger moved for and was granted summary judgment. The Whites bring this appeal asserting there are unresolved questions of fact. They argue that Weathers conceded the signs could obscure his vision of a small child and further that if there had been a crosswalk, Weathers might have stopped a second time after making his left turn. *Held*:

Like the trial court, we find from the undisputed facts that the appellee Kroger was not guilty of contributory negligence to the injuries suffered by young William White and thus properly was granted summary judgment. Appellees raise conjectural questions of negligence but not disputed issues of material facts. See generally *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795) (shadowy semblance of an issue does not give rise to a genuine issue of material fact). Had young William traversed the ramp in front of the store entrance and been struck at, on, or in front of the ramp, then the contention that the absence or presence of a pedestrian crossing or warning thereof might have caused the exercise of more caution by Weathers might have had more merit. However, it is clear that young William did not use the ramp or roadway in front of the ramp but ran toward his father off to the left side of that ramp. Clearly then the presence or absence of a crosswalk is a wholly neutral factor under the facts of this case. The facts reflect that Weathers did stop and proceeded only when he observed no obstruction to his passage. Moreover, the presence of the two four-foot signs in or at the parcel pick-up area and the possibility of obscured vision is likewise a neutral factor. Had the collision and injuries occurred in the parcel pick-up zone or on the sidewalk, again the presence of the signs and the propensity to obscure might have had relevance. But it is clear that the collision of boy and car occurred outside the parcel pick-up zone, in the open roadway. To conclude that the young child was seen himself or could see from within the pick-up zone would be a relevant test under these facts, is tantamount to saying that a pedestrian has no responsibility to look both ways before crossing a street from between a row of parked cars. Whether young William could or could not see Weathers' car was not presented in this record except by the purest of speculation. Nor is any question of negligence on the part of Weathers in his degree of attention or inattention relevant to a question of negligence by Kroger in this appeal in the two respects advanced by the appellees.

Where the movant has pierced the allegations of the pleadings and shown the truth to the court (as in this case by evidence), he may receive a grant of summary judgment where there is no genuine issue of material fact considering all the pleadings and evidence. *Fort v.*

*Boone*, 166 Ga. App. 290, 291 (304 SE2d 465); *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442). Kroger, as one of the proprietors in a shopping center, is not the insurer of the safety of invitees on the premises of the center against all negligent acts of co-invitees. *Watson v. McCrory Stores*, 97 Ga. App. 516, 519 (103 SE2d 648). There was no error in the grant of summary judgment to the Kroger Company.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 16, 1989.

*David A. Swift*, for appellants.
*Richter, Willis & McKenzie, Edward L. Long, Jr., Beck, Owen & Murray, Samuel A. Murray*, for appellee.