Patsy Jean CHAKALES and Charles L. Chakales, Plaintiffs,

v.

HERTZ CORPORATION, a Delaware Corporation Authorized to do Business in the State of Georgia; John Doe, Employee of The Hertz Corporation, a Georgia Resident, Defendants.

Civ. No. 1:91–CV–2291–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

June 28, 1993.

David S. Bills, Tammy Marie Griner, The Keenan Ashman Firm, Atlanta, GA, Don C. Keenan, The Keenan Ashman Firm, Savannah, GA, for plaintiffs.

Charles A. Wiley, Jr., Fain Major & Wiley, Atlanta, GA, for defendants.

### ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion for Summary Judgment [28]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be denied.

### Background

Plaintiff, Patsy Jean Chakales, was injured while returning a rental car at Defendant's place of business at Atlanta's Hartsfield International Airport. (P. Chakales Dep. at 14). Plaintiff was bent inside the open door of the rental car to check its mileage when the car was allegedly struck from behind in a multiple car chain reaction. (*Id.*). After gaining her composure, Plaintiff reported the accident to Defendant's station manager, who happened to be walking across the parking lot. (*Id.* at 15, 31–34). As Plaintiff talked to the manager, she claims to have seen an unidentified individual, who wore a shirt or vest with Defendant's insignia, exit the vehicle parked at the end of the chain of cars. (*Id.* at 15, 34–35). Plaintiff alleges the station manager walked over to the unidentified individual, spoke with him, and they both walked away laughing. (*Id.* at 15, 38–39).

On the bus to the airport terminal, Plaintiff's neck and back started to bother her. (*Id.* at 15). At the terminal, Plaintiff called the station manager and was told that she must return in person to Defendant's office to file an accident report. (*Id.* at 15–16, 40–41). As Plaintiff filled out the report, her husband and the station manager allegedly

observed a two-inch dent in the rental car's bumper. (*Id.* at 16, 42; C. Chakales Dep. at 11–15). Defendant's station manager reports that there were more than five but less than eight "transporter employees [1]" in the vicinity of the accident, (Reed Dep. at 58), although more than eighty employees were on Defendant's premises at the time of the accident. (Def.'s Supp'n to Pl.'s Interrog. ¶ 1). Plaintiff sued Defendant in state court for negligence, (Pet. for Removal Ex. A), and Defendant removed to this Court by reason of diversity of citizenship. (Pet. for Removal). Defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Discussion

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). An issue is genuine only when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Nevertheless, all evidence submitted to the Court must be construed in the light most favorable to the non-movant. *Easterwood v. CSX Transportation, Inc.,* 933 F.2d 1548, 1556 (11th Cir.1991). A particular fact's materiality depends upon the controlling substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's cases on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552,

1. Transporters are part-time, low wage employees who drive Defendant's rental cars from the customer drop off areas to the service and maintenance areas or Defendant's other rental car locations in the Atlanta area. (Orr Dep. at 15). All Atlanta based transporters report to a central manager stationed at Defendant's area office in Hapeville, Georgia and are bussed to the various rental car locations in the Atlanta area, including Hartsfield Airport. (*Id.* at 14). Apparently, this is a high turnover position and at any given time Defendant may employ several hundred transporters in the Atlanta area. (*Id.* at 15).

91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552. The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323, 106 S.Ct. at 2553. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely pointing out to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-movant is required to "go beyond the pleading" and present competent evidence[2] designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

Defendant bases its motion for summary judgment on the allegation that Plaintiff cannot, as a matter of law, establish an inference of agency as to the unidentified driver of the car that started the chain reaction. (Def.'s Br. in Supp. of Mot. for Summ.J. at 2). The Court concludes that the question of whether the driver was an agent of Defendant is material under Georgia law, because Defendant cannot, as a matter of law, be held liable for Plaintiff's injuries if the unidentified driver was not acting as Defendant's agent and Defendant is not otherwise negligent. *White v. Kroger Co.*, 190 Ga.App. 348, 350–51, 378 S.E.2d 732 (1989) (holding that proprietor of a shopping center does not insure the safety of invitees on its premises against all negligent acts of other invitees). Moreover, it is apparent that Plaintiff will have the burden at trial of proving agency. *Carter v. Kim*, 157 Ga.App. 418, 277 S.E.2d 776 (1981) (under Georgia law, burden of proof for existence of agency rests with party asserting relationship). Accordingly, the dispositive issue for summary judgment purposes is whether Plaintiff has produced sufficient competent evidence to create a genuine question of fact as to whether the unidentified driver acted as an agent of Defendant.

The Georgia courts have adopted the Restatement view of agency, which defines agency as "the fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Flournoy v. City Finance of Columbus, Inc.*, 679 F.2d 821, 823–24 (11th Cir.1982). Under Georgia law, questions as to the existence of agency and the extent of the agent's authority are generally questions for the jury. *Renfroe v. Warren–Hawkins Am. Legion Post No. 523*, 157 Ga.App. 614, 278 S.E.2d 414 (1981). Bare assertions or denials of the existence of an agency relationship are admissible as statements of fact only when made by one of the purported parties to the relationship. *Entertainment Developers, Inc. v. Relco, Inc.*, 172 Ga.App. 176, 177, 322 S.E.2d 304, 305 (1984); *Salters v. Pugmire Lincoln–Mercury, Inc.*, 124 Ga.App. 414, 415, 184 S.E.2d 56 (1971). Because the existence of the agency relationship is not within the personal knowledge of a person outside the relationship, a bare assertion of agency by an outsider is merely an unsupported conclusion of law. *Entertainment Developers, Inc.*, 172 Ga.App. at 177, 322 S.E.2d at 305; *Lewis v. Citizens & Southern Nat'l Bank*, 139 Ga. App. 855, 858, 229 S.E.2d 765 (1976); *Salters*, 124 Ga.App. at 415–16, 184 S.E.2d at 57–58. Nevertheless, agency may arise by implication as well as by express authority. GA. CODE ANN. § 10–6–1 (Michie 1989). The implication of agency may be proved solely by circumstantial evidence, apparent relations, and the conduct of the purported parties to the agency relationship. *Larkins v. Boyd*, 205 Ga. 69, 72, 52 S.E.2d 307 (1949); *Chrostowski v. G & MSS Trucking, Inc.*, 198 Ga. App. 140, 143, 401 S.E.2d 53 (1990); *Lewis*, 139 Ga.App. at 858, 229 S.E.2d at 768. Thus, if there is any competent evidence, beyond the bare assertion of an outsider, that tends to establish the agency relationship, the question of agency should be submitted to the jury. *Turner Broadcasting System, Inc. v. Bank South*, 837 F.2d 980, 999 (11th Cir. 1988).

---

2. The non-moving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. *See Ross*

*v. Europe Craft Imports, Inc.,* 186 Ga.App. 286, 288, 367 S.E.2d 99 (1988); *Lewis,* 139 Ga.App. at 859, 229 S.E.2d at 769.

In a fact situation somewhat analogous to the present case, a reasonable inference of agency was created where an unidentified hotel visitor, who wore a uniform and badge and identified himself as an hotel employee, came to a guest's room immediately after the guest reported a fall on the hotel's premises and remarked about the dangerousness of the place where the guest fell. *Stouffer Corp. v. Henkel,* 170 Ga.App. 383, 317 S.E.2d 222 (1984). Similarly, where a truck driver was deposed but unavailable for trial, the plaintiff's testimony that he talked with the driver who struck his vehicle and noticed that the truck was marked with the defendant's logo was sufficient to raise a jury question on agency. *Rosser v. Atlanta Coca–Cola Bottling Co.,* 162 Ga.App. 503, 505, 291 S.E.2d 109 (1982), *rev'd on other grounds,* 250 Ga. 52, 295 S.E.2d 827 (1982).

In the present case, Plaintiff's assertion of agency is not completely bare because she provided competent evidence in the form of a deposition that tends to show the unidentified individual wore a shirt or vest with Defendant's insignia, (P. Chakales Dep. 15, 34–35), and that soon after the accident Plaintiff saw the unidentified individual talk to and walk away with Defendant's station manager. (*Id.* at 15, 38–39). These actions tend to show that the unidentified individual and station manager conducted themselves in a manner consistent with an employment relationship. Even though the customer drop-off lot was open to the general public, the Court concludes that these circumstantial facts at least create a genuine question of fact as to whether the unidentified individual acted as an agent of Defendant.

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [28] is **DENIED.**

SO ORDERED.